Gary BALDWIN, Appellant,

v.

SECURITY BANK AND TRUST, Appellee.

No. 5566.

Court of Civil Appeals of Texas, Waco.

Oct. 7, 1976.

Durward D. Moore, Dallas, for appellant.

Charles W. Rowland, DeSoto, for appellee.

## OPINION

JAMES, Justice.

This is a summary judgment case. Plaintiff-Appellee Security Bank and Trust (hereinafter called "Bank") brought this suit against Defendants Burger Inns of America, Inc., (hereinafter called "Burger Inns") and Gary Baldwin (Appellant herein). The Bank sued on a $35,000.00 note dated February 10, 1975 alleged to have been executed by Burger Inns, together with interest and attorney's fees. Baldwin was alleged to be liable for payment of the note, interest, and attorney's fees as a guarantor of the note, based upon a certain written guaranty instrument executed by Baldwin in favor of the Bank bearing date of November 11, 1974. After both Defendants had answered by way of general denial, the Bank filed a motion for summary judgment against both Burger Inns and Baldwin, in support of which motion the Bank adduced as summary judgment proof the note, the guaranty instrument, and the affidavit of J. B. Haralson, president of the Bank. The Defendants answered the Bank's motion for summary judgment by asserting the existence of material fact issues.

The trial court after hearing granted summary judgment in favor of the Bank against both Defendants jointly and severally in the amount of $36,269.98 principal and interest of the note plus $3,626.99 attorney's fees, together with interest from the date of judgment at 6% per annum and costs. Defendant Burger Inns has not appealed from the judgment, and therefore the judgment is final as to it. However, Defendant Baldwin has appealed from said judgment, asserting that the guaranty instrument in question is not competent summary judgment proof for the reason that it is ambiguous. We sustain this contention and reverse the summary judgment as to Appellant Baldwin and remand same to the trial court for trial on the merits.

The pertinent portions of the guaranty instrument executed by Baldwin reads:

"For value received, I, we, or either of us, whose names are hereinafter subscribed to this instrument, and hereinafter called Guarantors, have jointly, severally and unconditionally guaranteed to the *Security Bank & Trust of Dallas, Texas,* hereinafter called Bank, and its successors and assigns, to the extent of *Burger Inns of America, Inc.,* Dollars, _____."

"It is expressly agreed and understood that this is a continuing guaranty to the extent of the sum shown above, _____."

The guaranty appears to be a printed instrument with blanks which were filled in by typewriting for completion thereof. In the place where the amount of money was

supposed to be typewritten which shows the maximum limit of the guaranty, there was typewritten "Burger Inns of America, Inc." instead of the amount of money. With the guaranty instrument in this condition, it was and is impossible to determine from the face of the instrument the extent, if any, of Baldwin's liability.

In the event of ambiguity in an instrument, as here, which can be resolved only by reference to extrinsic evidence, the granting of a summary judgment is improper. See *Chapa v. Benavides Mill and Gin Co.* (San Antonio Tex.Civ.App.1967) 420 S.W.2d 464, NRE; *Robert v. E. C. Milstead Ranching, Inc.* (Beaumont Tex.Civ.App. 1971) 469 S.W.2d 429, NRE; *Martin v. First State Bank, Memphis, Texas* (Amarillo Tex. Civ.App.1973) 490 S.W.2d 208, no writ.

A summary judgment should be granted, and if granted should be affirmed *only* if the summary judgment record establishes a right thereto as a matter of law.

Rule 166–A, Texas Rules of Civil Procedure; *Harrington v. Young Men's Christian Assn. of Houston* (Tex.1970) 452 S.W.2d 423. In the case at bar, Plaintiff Bank's cause of action against Defendant Baldwin depends upon the guaranty instrument. This instrument is ambiguous concerning the extent if any of Baldwin's liability, and to clear up such ambiguity resort must be had to extrinsic evidence. In this state of the record summary judgment is improper. We therefore reverse the summary judgment insofar as Defendant-Appellant Baldwin is concerned, and remand same to the trial court for trial on the merits.

REVERSED AND REMANDED.