**Johnny CAMPAGNA, Appellant,**

v.

**Ciro LISOTTA, et al., Appellee.**

**No. 05–86–00755–CV.**

Court of Appeals of Texas, Dallas.

April 28, 1987.

Rehearing Denied June 8, 1987.

Frank E. Needham, Ross H. Hemphill, Dallas, for appellant.

G. Dennis Sullivan, Stephen A. Coke, Richard L. Huffsmith, Dallas, for appellee.

Before STEPHENS, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

In a suit for breach of contract and fraud, Johnny Campagna appeals from a summary judgment in favor of appellees, Ciro Lisotta, Bonita Lisotta, Lombardi's,

Inc., Alberto Lombardi, and Kenneth W. Burdwood. We affirm.

Appellant is a licensed real estate broker. In early 1980 appellant, in his capacity as a broker, presented to Ciro Lisotta an offer from Alberto Lombardi to purchase Lisotta's property at 3227–33 McKinney Avenue in Dallas, Texas. Lisotta refused the offer. Subsequently, Alberto Lombardi and Lombardi's, Inc. negotiated a five-year lease of the property from Lisotta. This lease agreement provided that appellant was to receive a commission of six percent of all rents collected from Lombardi and Lombardi's, Inc. These commissions were duly paid. Article 30 of the lease agreement further provided that in the event the property was sold to Lombardi or Lombardi's, Inc. pursuant to the terms of article 22 of the lease then appellant would be entitled to a commission of six percent of the sales price.

Article 22 states:

22. OPTION TO PURCHASE

So long as Tenant is not in default under the terms of this Lease, Landlord does hereby give and grant unto Tenant the right and option to purchase the Premises, together with and including all right, title, and interest of Landlord in and to it, for the consideration and upon the terms and conditions hereinafter stated.

A. In the event that, within the term of this Lease or any additional term thereof, Landlord receives, in writing, a bona fide offer from a third party to purchase the Premises, Landlord shall give notice to Tenant of such offer, including all of the terms thereof, within five (5) days after receiving such offer in writing, and Tenant shall have sixty (60) days from the date of such notice to elect to purchase the Premises according to the same terms and conditions.

B. The option to purchase contained in this Article 22 shall be exercised by giving to Landlord, on or before the expiration of the sixty-day period provided for in the preceding paragraph, written notice, signed by Tenant, of its election to exercise the option. Such notice shall state the date and the place of closing of the sale, which date shall not be less than sixty (60) days after the date of such notice, and which place shall be the offices of Southwest Land Title Company, LTV Tower, Dallas, Texas 75201, or such other place as the parties may agree. Upon the giving of such notice, Landlord and Tenant agree to and hereby bind themselves to execute a contract of sale (the "Contract of Sale") according to the terms of the bona fide offer.

C. If any party hereto (the "Defaulting Party") either refuses to execute the Contract of Sale after Tenant gives notice of its exercise of the option to purchase hereunder, then the other party, in addition to any other remedies that might be available to it at law or in equity, shall have the right to specifically enforce the execution and performance of the Contract of Sale by the Defaulting Party, both parties hereto acknowledging that the remedies at law for such a default are inadequate and that the harm suffered as a result of such default by the Defaulting Party would be irreparable.

D. Anything to the contrary contained herein notwithstanding, Landlord agrees and covenants that he will not, during the term of this Lease, or any additional term, further encumber or permit the further encumbering of the Premises by any lien, easement, right-of-way, license, or restriction.

In July of 1984, Lisotta sold the property to the agent and trustee for Lombardi and Lombardi's, Inc. No commission on this sale was paid to appellant. Therefore, appellant brought this suit. Appellees moved for summary judgment on the basis that appellant was not a party to the lease agreement, that the property was not sold pursuant to the terms and conditions of article 22, and that appellant had not complied with the statute of frauds. The trial court granted appellees' motion for summary judgment.

The standards for reviewing a motion for summary judgment are well established.

As required by our Supreme Court, they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex.1975).

Appellant asserts that the trial court erred in finding the lease agreement unambiguous. Appellant argues that article 22 of the lease agreement is ambiguous because it is unclear whether Lombardi could purchase the property only if a third party made a bona fide offer on it (right of first refusal) or whether Lombardi just had a general contractual right to purchase the property (option to purchase). Whether a contract is ambiguous is a question of law for the court to decide. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983); *R and P Enterprises v. LaGuarta, Gavrel and Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). If the contract is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker,* 650 S.W.2d at 393; *R and P Enterprises,* 596 S.W.2d at 519.

■ We hold that article 22 is worded such that one can only conclude that Lombardi had a right to purchase the property, *pursuant to the terms of article 22 of the lease,* only if during the duration of the lease Lisotta received a written bona fide offer from a third party on the property. In that event, Lisotta was to give Lombardi written notice of the offer, and its terms, within five days of receipt of the offer.

Lombardi then had sixty days from the date he received the notice to exercise his right of first refusal and purchase the property under the same terms and conditions as the third party's offer. Clearly, Lisotta, as owner of the property, could properly sell the property to anyone he desired, including, as he did, to the agent and trustee for Lombardi directly. It is equally clear that this sale did not take place *pursuant to the terms and conditions of article 22.* Consequently, by the express terms of article 30, appellant is not entitled to a commission on this sale. When a case can be decided upon the construction of an unambiguous written instrument, as in this case, the construction of the instrument is a matter of law for the court, and a summary judgment is proper. *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.,* 700 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1985, no writ); *Jones v. El Paso Natural Gas Products Company,* 391 S.W.2d 748, 754 (Tex. Civ.App.—Austin 1965, writ ref'd n.r.e.).

■ One additional assertion by appellant requires a brief discussion. Appellant asserts that regardless of the interpretation of the lease agreement, he is still entitled to his commission under quantum meruit because he was the procuring cause of the sale. We conclude otherwise.

Texas Revised Civil Statutes Annotated, article 6573a, section 20(b) (Vernon Supp. 1986) provides:

An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it.

It is undisputed that the only written agreement between the parties is the lease agreement which we have already held does not support a recovery for appellant. This Court has previously held that in the absence of a written agreement complying with Texas Revised Civil Statutes Annotated, article 6573a, a real estate claim for

commission is unenforceable even if the broker was the procuring cause of the sale. *Sherman v. Bruton,* 497 S.W.2d 316, 321 (Tex.Civ.App.—Dallas 1973, no writ); *Edwards v. Parker,* 438 S.W.2d 141, 144 (Tex. Civ.App.—Dallas 1969, no writ); *see also Cook v. City of Plano,* 656 S.W.2d 607, 608 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

By cross-point, appellees Ciro and Bonita Lisotta ask that we award them attorney's fees for their defense of this appeal. Appellees assert that appellant's appeal is so lacking in merit as to be nothing more than harassment and, therefore, appellees should be awarded their attorney's fees for defending this "frivolous" appeal. Appellees claim that under Texas Rules of Appellate Procedure, rule 80(c), we are empowered to grant such a request. We disagree. We conclude that the award of any attorney's fees is a fact issue that must be passed upon by the trial court in the exercise of its original jurisdiction. *International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347, 349 (Tex.1971); *Dickson v. McWilliams,* 543 S.W.2d 868, 871 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

If appellees believed this appeal to be frivolous they should have requested damages pursuant to Texas Rules of Appellate Procedure, rule 84. While rule 84 *does not* support the awarding of attorney's fees as a penalty for a frivolous appeal, *Nava v. Steubing,* 700 S.W.2d 668, 671–72 (Tex.App.—San Antonio 1985, no writ), it does allow a party in appellees' alleged position to recover an amount not to exceed ten times the total taxable costs as a penalty for a frivolous appeal. Although appellees did not request damages pursuant to rule 84, we will nevertheless address appellees' contention that this appeal was frivolous. After closely examining the record in this case, we cannot conclude that this appeal was taken without sufficient cause and for the purpose of delay only. Therefore, appellant cannot be penalized for asserting his right to appeal. *Standard Container Corp. v. Dragon Realty,* 683 S.W.2d 45, 48 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

For the reasons stated above, the judgment is affirmed.