**W.H. KEENAN & W. Scott Frost, Appellants,**

v.

**GIBRALTAR SAVINGS ASSOCIATION, Appellee.**

**No. B14–88–077–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 30, 1988.

Rehearing Denied July 28, 1988.

Alvin L. Freeman, Houston, for appellants.

James O'Donnell, Paul F. Simpson, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, W.H. Keenan and W. Scott Frost, appeal from a summary judgment. The trial court awarded $1,882,874.33 plus $6,500.00 in attorney's fees to the appellee, Gibraltar Savings Association ["Gibraltar"]. Gibraltar sued to enforce a written agreement whereby appellants guaranteed an indebtedness of "K'nF Enterprises, a Joint Venture" ["K'nF"]. In two points of error, appellants maintain summary judgment was improper because their liability under the guaranty agreement requires resolution of a fact issue, and because they had contested the reasonableness of the attorney's fees sought by Gibraltar. We affirm.

Appellants and others formed K'nF in 1973. On February 8, 1973, appellants and Mrs. W.H. Keenan signed and executed a promissory note evidencing K'nF's $2,148,750 indebtedness to Houston First Savings Association ["Houston First"]. Security for the note was a tract of land on which K'nF later constructed an apartment complex. Although the terms of the note absolved appellants of personal liability for K'nF's indebtedness, they simultaneously executed a guaranty agreement in favor of Houston First and any later holder of the note. By that agreement, appellants, as individuals, guaranteed payment of the full amount due and payable under the note, as consideration for Houston First's having loaned K'nF the $2,148,750. A clause added to the guaranty agreement indicated appellants' liability would cease when the principal due on the note was reduced to $1,648,750. Houston First subsequently

endorsed the note to United Savings of Texas, which then assigned it to Gibraltar. Gibraltar sued appellants pursuant to the guaranty and recovered the summary judgment from which appellants appeal.

■ The dispositive issue in this case is the appellants' failure to factually substantiate the allegations of their response to Gibraltar motion for summary judgment. In their first point of error, appellants claim "the proper meaning and effect of the statement in the guaranty agreement evidencing an intent to limit the liability of the guarantors" presented an issue of fact, thereby precluding summary judgment. As best we can determine from appellants' briefs and oral argument, they essentially maintain the clause added to the guaranty agreement limited their liability to a specific sum. *See* TEX.R.APP.P. 74(d) & (p). Appellants offered a similar argument in their response to Gibraltar motion for summary judgment, but failed to offer summary judgment proof of their contentions.

In asserting the guaranty agreement somehow limited their liability, appellants raised only legal conclusions to defeat Gibraltar's motion for summary judgment. Mere legal conclusions cannot give rise to issues of disputed fact. *See Life Insurance Co. v. Gar–Dal, Inc.,* 570 S.W.2d 378, 382 (Tex.1978); *Requipco v. Am–Tex Tank & Equipment Inc.,* 738 S.W.2d 299, 302 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Harbour Heights Development, Inc. v. Seaback,* 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

■ Appellants' response also raised several affirmative defenses. They alleged that because Gibraltar had failed to allow "all just and lawful offsets, payments and credits," resolution of those fact issues precluded summary judgment. In order to raise a fact issue, a party who opposes a summary judgment by asserting an affirmative defense of offset, payment, or credit, must offer competent summary judgment proof to support its allegations *Gar–Dal,* 570 S.W.2d at 382; *Manges v. Astra Bar,*

*Inc.*, 596 S.W.2d 605, 611 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

Competent summary judgment proof must consist of more than conclusory allegations of failure to apply offsets, payments, or credits. *Gar–Dal, Inc.*, 570 S.W.2d at 381–82; *Astra Bar*, 596 S.W.2d at 611. Because appellants offered no supporting factual allegations concerning specific offset amounts, specific credits, or specific instances of payment, this court must conclude they again raised only legal conclusions, which do not constitute competent summary judgment proof. *Gar–Dal*, 570 S.W.2d at 381–82; *Crawford v. Pullman, Inc.*, 630 S.W.2d 377, 378 (Tex.App.—Houston [14th Dist.] 1982, no writ); *see also, Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); (failure to allege facts supporting contractual modification allegations); *Ellis v. Jansing*, 620 S.W.2d 569, 571 (Tex.1981) (failure to allege facts supporting allegations of adverse possession elements). With respect to appellants' "payment" allegation, as this court noted in *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank—Southeast*, 633 S.W.2d 574 (Tex.App.—Houston [14th Dist.] 1982, no writ), by merely alleging "payment," appellants would have also failed to satisfy TEX.R.CIV.P. 95.

■ We further note that the "Verification" appellants attached to their "Response to Plaintiff's Motion for Summary Judgment" was not an affidavit for purposes of TEX.R.CIV.P. 166a(e). Appellant Keenan merely swore the contents of the Response were ʳithin his personal knowledge, true and correct. To satisfy Rule 166a(e) the affidavit must *itself* set forth facts and show the affiant's competency, and the allegations contained *therein* must be direct, unequivocal and such that perjury is assignable. *See Brownlee*, 665 S.W.2d at 112. We hold appellants' response and "verification" amounted to nothing more than a responsive pleading. Pleadings, although verified, are generally not competent summary judgment evidence. *See Requipco*, 738 S.W.2d at 302; *Nicholson v. Memorial Hospital System*, 722 S.W.2d 746, 749 (Tex.App.—Houston

[14th Dist.] 1986, writ ref'd n.r.e.), both citing *Hidalgo v. Surety Savings & Loan Ass'n*, 487 S.W.2d 702, 703 (Tex.1972).

■ In view of the deficiencies of appellants' opposing pleadings, the issue now before us is whether Gibraltar offered legally sufficient proof of all essential elements of its guaranty claim and therefore prevailed as a matter of law. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986) (per curiam); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 687 (Tex.1979). We conclude Gibraltar met its burden.

Gibraltar attached the following documents to its motion for summary judgment: a copy of the note it sued to enforce with an endorsement in favor of United Savings, Gibraltar's predecessor-in-interest; a copy of the guaranty agreement; a copy of a transfer of lien evidencing assignment of the note and lien to Gibraltar; the properly sworn affidavit of a Gibraltar assistant vice-president, Julie A. Willows. In her affidavit, Willows properly attested to the truth and correctness of the copies of the note, guaranty agreement, and transfer of lien documents. *See Republic Nat'l Leasing Corp.*, 717 S.W.2d at 607; *Ecurie Cerveza Racing Team*, 633 S.W.2d at 575. Willows also alleged the chain of events by which Gibraltar became the holder of K'nF's note. Her affidavit also gave the total amounts due under the note as $1,865,651.85, consisting of $1,680,807.25 in unpaid principal, $155,002.72 in interest, $6,738.24 in late charges, and $23,103.64 advanced for payment of 1986 taxes, and indicated that daily interest would continue to accrue at $391.421 per diem. Appellants' proof is sufficient to support summary judgment. Tex.R.Civ.P. 166a(c); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Ecurie Cerveza Racing Team, Inc.*, 633 S.W.2d at 575.

■ In cases such as this, which depend on the interpretation of written contractual instruments, summary judgment is proper if the language in the instruments is unambiguous. *See Coker v. Coker*, 650 S.W.2d 391, 393–92 (Tex.1983) (guaranty agree-

ment); *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.*, 700 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) (joint venture agreement); *Campagna v. Lisotta*, 730 S.W.2d 382, 384 (Tex.App.—Dallas, 1987 no writ) (lease agreement). *Cf., Baldwin v. Security Bank & Trust*, 541 S.W.2d 908 (Tex. App.—Waco, 1976 no writ) (summary judgment is improper where court must resort to extrinsic evidence to resolve ambiguity).

Pursuant to the terms of the guaranty agreement, appellants promised to pay the full amount due and payable as guarantors of K'nF's indebtedness. The agreement also terminated appellants' liability on the date the unpaid principal on the note was reduced to $1,648,750. Gibraltar's competent summary judgment proof alleged $1,680,807.25 in principal as due and owing. A contract of guaranty will preclude summary judgment when it is ambiguous, in that it is susceptible to more than one meaning. *Coker*, 650 S.W.2d at 393. We find no ambiguity. The meaning of the guaranty agreement and note at issue is clearly ascertainable from the face of the instruments. *Compare Baldwin*, 541 S.W.2d at 909–10 (reversing summary judgment where limit of guarantors' liability not ascertainable from face of the guaranty agreement). Therefore, the trial court properly construed them as a matter of law in entering summary judgment in Gibraltar's favor. *Coker*, 650 S.W.2d at 393. Appellants' first point of error is overruled.

■ Appellants' second point of error challenges the trial court's award of attorney's fees. Gibraltar's motion for summary judgment alleged the terms of the note entitled it to an award of attorney's fees in the amount of ten percent of unpaid principal and interest. By means of an affidavit attached to its motion, Gibraltar alternatively requested $6,500 as a reasonable attorney's fee. The trial court awarded the $6,500. Appellants incorrectly maintain their response to Gibraltar's motion for summary judgment contested the reasonableness of the fees Gibraltar sought. Their response challenged only the propriety of awarding a percentage fee pursuant

to the terms of the note, suggesting they should be permitted to contest the reasonableness of that fee at a trial on the merits.

Appellants correctly assert that Texas courts view a contractual fixed percentage fee provision as an agreement to indemnify for expenses actually incurred, thereby entitling the obligor to raise an affirmative defense challenging the reasonableness of a request for the full percentage amount. *F.R. Hernandez Construction & Supply Co. v. Nat'l Bank of Commerce*, 578 S.W. 2d 675, 676 (Tex.1979); *Spring Branch Bank v. Mengden*, 628 S.W.2d 130, 134 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Yet, as we indicated in our discussion of appellants' first point of error, merely raising this affirmative defense will not suffice to defeat a motion for summary judgment. *Brownlee*, 665 S.W.2d at 112; *Jansing*, 620 S.W.2d at 571. As the *F.R. Hernandez* and *Mengden* opinions indicate, appellants had the burden to show the ten percent amount was unreasonable, and to prove that another amount would be reasonable. *F.R. Hernandez*, 578 S.W.2d at 677; *Mengden*, 628 S.W.2d at 134. In addition to failing to show how a fee amounting to ten percent of the unpaid principal would be unreasonable and what amount would be reasonable, appellants also failed to controvert Gibraltar's suggestion that $6,500 fee represented a reasonable fee.

■ Having concluded that appellants failed to controvert Gibraltar's summary judgment proof supporting their attorney's fee request, the issue remains whether Gibraltar offered legally sufficient proof to sustain the trial court's $6,500 fee award. *Republic National Leasing Corp.*, 717 S.W.2d at 607; *Clear Creek Basin Authority*, 589 S.W.2d at 687. As we have indicated, Gibraltar alternatively requested $6,500 as a reasonable attorney's fee and attached its attorney's affidavit to its motion for summary judgment. Although Gibraltar's attorney was clearly an interested witness, because appellants could have readily controverted the clear, positive, direct, and otherwise credible evidence presented in his affidavit, and yet failed to

do so, we hold the trial court properly awarded $6,500 in attorney's fees pursuant to that affidavit and the terms of the note. *Bado Equipment Co. v. Ryder Truck Lines Inc.*, 612 S.W.2d 81, 83 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.