COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-217-CV

 

 

MELISSA BAXLEY                                                               APPELLANT

 

                                                   V.

 

PS GROUP, LLC                                                                     APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

Appellant
Melissa Baxley appeals the summary judgment granted in favor of Appellee PS
Group, LLC.  In a single issue, Baxley
argues that the trial court erred by granting summary judgment for PS Group
because her pleadings raised fact issues that precluded summary judgment.  We will affirm.








II.  Factual and Procedural Background

Baxley
entered into a commercial lease on November 30, 2006, with PS Group to lease
space in a shopping center in Arlington. 
The term of the lease was for sixty months, commencing on February 1,
2007, and expiring on January 31, 2012. 
Baxley paid rent and utilities under the lease for eighteen months and
then expressed a desire to terminate the lease and to vacate the premises.  Baxley and PS Group thereafter entered into a
written Lease Termination Agreement (the Agreement).  Under the terms of the Agreement, the lease
terminated on August 20, 2008; Baxley executed a promissory note payable to PS
Group in the principal amount of $65,000, which required monthly installment
payments; Baxley paid prorated rent for August 1 through August 20, 2008; and
PS Group retained Baxley=s security deposit. 

Baxley
defaulted on the payment of the note by failing to make any monthly installment
payments.  PS Group gave Baxley written
notice of the default, as required by the terms of the note, but Baxley=s
default continued for more than ten days from the date of the notice.  PS Group declared the unpaid principal
balance on the note immediately due. 








PS Group
thereafter filed suit for breach of contract, and Baxley answered with a
general denial.  PS Group filed a motion
for summary judgment, and Baxley filed a response and an amended answer.  The only possibly relevant document attached as
summary judgment evidence to Baxley=s
response was Baxley=s own affidavit; that affidavit
contains one sentence swearing that Baxley has Aread the
foregoing [sumary judgment response] . . . [and that] [t]he facts set out
therein are true and correct.@[2]  The trial court ultimately granted PS Group=s motion
for summary judgment, and this appeal followed. 

III.  Summary Judgment Properly Granted for PS
Group








In her
sole issue, Baxley argues that the trial court erred by granting summary
judgment for PS Group because her pleadings and summary judgment response
raised fact issues that precluded summary judgment.  Baxley presented no controverting summary
judgment evidence; she simply swore in her affidavit that the facts stated in
her summary judgment response were true and correct.  Baxley=s
summary judgment response was simply a verified pleading, and pleadings, though
verified, are generally not competent summary judgment evidence.  See Watson v. Tipton, 274 S.W.3d 791,
798 (Tex. App.CFort Worth 2008, pet. denied)
(citing Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d
656, 660 (Tex. 1995)); see also Tex. R. Civ. P. 166a(e) (setting forth
requisites of summary judgment affidavits). 
Nontheless, Baxley argues that she raised factual issuesCwhether
the contract had legal consideration, whether PS Group suffered damages, and
whether PS Group fraudulently induced her into the contractCto
defeat the granting of summary judgment. 

We
review a summary judgment de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could and disregarding evidence
contrary to the nonmovant unless reasonable jurors could not.  Id. 
We indulge every reasonable inference and resolve any doubts in the
nonmovant=s favor.  20801, Inc. v. Parker, 249 S.W.3d 392,
399 (Tex. 2008).  A plaintiff is entitled
to summary judgment on a cause of action if it conclusively proves all
essential elements of the claim.  See Tex.
R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).













Here,
two of the three Afactual issues@ that
Baxley raisesClack of consideration and
fraudulent inducementCare affirmative defenses on
which she had the burden of proof.  See
1464-Eight, Ltd. v. Joppich, 154 S.W.3d 101, 103 (Tex. 2004) (noting that
lack of consideration and failure of consideration are affirmative defenses);
Bassett v. Am. Nat=l Bank, 145
S.W.3d 692, 696 (Tex. App.CFort
Worth 2004, no pet.) (stating that defendant relying on an affirmative defenseCsuch as
failure of consideration, conditional delivery, fraudulent inducement, and
usuryCin
opposing a summary judgment must come forward with summary judgment evidence
sufficient to raise an issue of material fact on each element of the
defense).  A party who opposes a summary
judgment by asserting an affirmative defense must offer competent summary
judgment proof to support her allegations. 
See Keenan v. Gibraltar Sav. Ass=n, 754
S.W.2d 392, 393 (Tex. App.CHouston
[14th Dist.] 1988, no writ).  Competent
summary judgment proof must consist of more than a conclusory allegation of
lack of consideration or of fraud. 
Because Baxley=s summary judgment response
contained only a conclusory, one-sentence allegation stating that she had
asserted lack of consideration and fraud and because that allegation is
unsupported by summary judgment evidence or even sworn factual recitations of
how the elements of these defenses apply to her particular situation, she therefore
presented at most only legal conclusions, which do not constitute competent
summary judgment proof.[3]  See LMB, Ltd. v. Moreno, 201 S.W.3d
686, 689 (Tex. 2006) (applying settled law that legal conclusions, stated
without supporting facts in affidavit, do not constitute competent summary
judgment evidence).

The
remaining Afactual issue@ (i.e.,
lack of damages) that Baxley claims she raised to preclude summary judgment is
likewise not supported by any competent summary judgment evidence.  The Aaffidavit@ that
Baxley attached to her response to PS Group=s motion
for summary judgment was not an affidavit for purposes of Texas Rule of Civil
Procedure 166a(e) but was instead a mere verification of her summary judgment
response.  See, e.g., Tex. R. Civ.
P. 166a(e).  And Baxley=s
summary judgment response did not constitute competent summary judgment evidence.  See LMB, Ltd., 201 S.W.3d at 689. 








PS Group
conclusively established its right to summary judgment on the note.  PS Group=s
summary judgment evidence included the lease, the Agreement, the note, Baxley=s
responses to PS Group=s requests for admissions in
which Baxley admitted that she had not made payments on the note, and
affidavits from PS Group=s attorney and PS Group=s
president stating that Baxley had not made any payments on the note.  Baxley failed to come forward with summary
judgment evidence raising a genuine issue of material fact on any element of PS
Group=s breach
of contract claim or raising a genuine issue of material fact on every element
of one of her affirmative defenses. 
Accordingly, the trial court did not err by granting summary judgment to
PS Group.  See Keenan, 754 S.W.2d
at 394 (holding that guarantors failed to raise fact issues by failing to put
on competent summary judgment proof). 
We overrule Baxley=s sole
issue.

IV.  Conclusion

Having
overruled Baxley=s sole issue, we affirm the
trial court=s judgment.

 

PER CURIAM

 

PANEL: WALKER, DAUPHINOT, and MEIER, JJ.

 

DELIVERED: March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]Baxley also attached some
of PS Group=s discovery responses to
her summary judgment response, and she complained in her summary judgment
response that PS Group had not properly responded to some discovery
requests.  But the record before us does
not show that Baxley filed a motion to compel, and she does not raise PS Group=s alleged failure to
respond to discovery as an issue in this appeal.  We cannot consider the lack of discovery
responses (lack of evidence) alleged by Baxley to be summary judgment evidence.






[3]We also note that the
summary judgment evidence attached to PS Group=s motion clearly refutes
Baxley=s affirmative
defenses.  The Agreement that she signed
states that PS Group=s ability to re-lease the
property Ais necessarily uncertain
and speculative@ and acknowledges that
the consideration given by both parties is Afair, reasonable, and fully sufficient to
effectuate the intentions and wishes of the Parties.@