

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-217-CV

MELISSA BAXLEY                                                                                    APPELLANT

V.

PS GROUP, LLC                                                                                        APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Melissa Baxley appeals the summary judgment granted in favor of Appellee PS Group, LLC. In a single issue, Baxley argues that the trial court erred by granting summary judgment for PS Group because her pleadings raised fact issues that precluded summary judgment. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Baxley entered into a commercial lease on November 30, 2006, with PS Group to lease space in a shopping center in Arlington. The term of the lease was for sixty months, commencing on February 1, 2007, and expiring on January 31, 2012. Baxley paid rent and utilities under the lease for eighteen months and then expressed a desire to terminate the lease and to vacate the premises. Baxley and PS Group thereafter entered into a written Lease Termination Agreement (the Agreement). Under the terms of the Agreement, the lease terminated on August 20, 2008; Baxley executed a promissory note payable to PS Group in the principal amount of $65,000, which required monthly installment payments; Baxley paid prorated rent for August 1 through August 20, 2008; and PS Group retained Baxley's security deposit.

Baxley defaulted on the payment of the note by failing to make any monthly installment payments. PS Group gave Baxley written notice of the default, as required by the terms of the note, but Baxley's default continued for more than ten days from the date of the notice. PS Group declared the unpaid principal balance on the note immediately due.

PS Group thereafter filed suit for breach of contract, and Baxley answered with a general denial. PS Group filed a motion for summary judgment, and Baxley filed a response and an amended answer. The only possibly relevant

document attached as summary judgment evidence to Baxley's response was Baxley's own affidavit; that affidavit contains one sentence swearing that Baxley has "read the foregoing [sumary judgment response] . . . [and that] [t]he facts set out therein are true and correct."[2] The trial court ultimately granted PS Group's motion for summary judgment, and this appeal followed.

### III. SUMMARY JUDGMENT PROPERLY GRANTED FOR PS GROUP

In her sole issue, Baxley argues that the trial court erred by granting summary judgment for PS Group because her pleadings and summary judgment response raised fact issues that precluded summary judgment. Baxley presented no controverting summary judgment evidence; she simply swore in her affidavit that the facts stated in her summary judgment response were true and correct. Baxley's summary judgment response was simply a verified pleading, and pleadings, though verified, are generally not competent summary judgment evidence. *See Watson v. Tipton*, 274 S.W.3d 791, 798 (Tex. App.—Fort Worth 2008, pet. denied) (citing *Laidlaw Waste Sys. (Dallas), Inc.*

---

[2] Baxley also attached some of PS Group's discovery responses to her summary judgment response, and she complained in her summary judgment response that PS Group had not properly responded to some discovery requests. But the record before us does not show that Baxley filed a motion to compel, and she does not raise PS Group's alleged failure to respond to discovery as an issue in this appeal. We cannot consider the lack of discovery responses (lack of evidence) alleged by Baxley to be summary judgment evidence.

*v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)); *see also* Tex. R. Civ. P. 166a(e) (setting forth requisites of summary judgment affidavits). Nontheless, Baxley argues that she raised factual issues—whether the contract had legal consideration, whether PS Group suffered damages, and whether PS Group fraudulently induced her into the contract—to defeat the granting of summary judgment.

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

Here, two of the three "factual issues" that Baxley raises—lack of consideration and fraudulent inducement—are affirmative defenses on which she had the burden of proof. *See 1464-Eight, Ltd. v. Joppich*, 154 S.W.3d 101, 103 (Tex. 2004) (noting that lack of consideration and failure of

4

consideration are affirmative defenses); *Bassett v. Am. Nat'l Bank*, 145 S.W.3d 692, 696 (Tex. App.—Fort Worth 2004, no pet.) (stating that defendant relying on an affirmative defense—such as failure of consideration, conditional delivery, fraudulent inducement, and usury—in opposing a summary judgment must come forward with summary judgment evidence sufficient to raise an issue of material fact on each element of the defense). A party who opposes a summary judgment by asserting an affirmative defense must offer competent summary judgment proof to support her allegations. *See Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 393 (Tex. App.—Houston [14th Dist.] 1988, no writ). Competent summary judgment proof must consist of more than a conclusory allegation of lack of consideration or of fraud. Because Baxley's summary judgment response contained only a conclusory, one-sentence allegation stating that she had asserted lack of consideration and fraud and because that allegation is unsupported by summary judgment evidence or even sworn factual recitations of how the elements of these defenses apply to her particular situation, she therefore presented at most only legal conclusions, which do not constitute competent summary judgment proof.[3] *See LMB, Ltd.*

---

[3] ... We also note that the summary judgment evidence attached to PS Group's motion clearly refutes Baxley's affirmative defenses. The Agreement that she signed states that PS Group's ability to re-lease the property "is necessarily uncertain and speculative" and acknowledges that the consideration

5

*v. Moreno*, 201 S.W.3d 686, 689 (Tex. 2006) (applying settled law that legal conclusions, stated without supporting facts in affidavit, do not constitute competent summary judgment evidence).

The remaining "factual issue" (i.e., lack of damages) that Baxley claims she raised to preclude summary judgment is likewise not supported by any competent summary judgment evidence. The "affidavit" that Baxley attached to her response to PS Group's motion for summary judgment was not an affidavit for purposes of Texas Rule of Civil Procedure 166a(e) but was instead a mere verification of her summary judgment response. *See, e.g.*, Tex. R. Civ. P. 166a(e). And Baxley's summary judgment response did not constitute competent summary judgment evidence. *See LMB, Ltd.*, 201 S.W.3d at 689*.*

PS Group conclusively established its right to summary judgment on the note. PS Group's summary judgment evidence included the lease, the Agreement, the note, Baxley's responses to PS Group's requests for admissions in which Baxley admitted that she had not made payments on the note, and affidavits from PS Group's attorney and PS Group's president stating that Baxley had not made any payments on the note. Baxley failed to come forward with summary judgment evidence raising a genuine issue of material fact on any

---

given by both parties is "fair, reasonable, and fully sufficient to effectuate the intentions and wishes of the Parties."

6

element of PS Group's breach of contract claim or raising a genuine issue of material fact on every element of one of her affirmative defenses. Accordingly, the trial court did not err by granting summary judgment to PS Group. *See Keenan*, 754 S.W.2d at 394 (holding that guarantors failed to raise fact issues by failing to put on competent summary judgment proof)*.* We overrule Baxley's sole issue.

## IV. CONCLUSION

Having overruled Baxley's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and MEIER, JJ.

DELIVERED: March 25, 2010