ACCEPTED
07-14-00435-cv
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
2/20/2015 9:52:32 AM
Vivian Long, Clerk

**No. 07-14-00435-CV**

**IN THE**

**SEVENTH COURT OF APPEALS**

**Sitting in Amarillo, Texas**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

2/19/2015 9:52:32 AM

VIVIAN LONG
CLERK

_____

**ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child,**

**Appellant,**

**v.**

**TEXAS MUTUAL INSURANCE COMPANY**

**Appellee.**

_____

**Appeal in Cause No. 98,186-A
from the 47th District Court in and for Potter County, Texas**

_____

**BRIEF OF APPELLANT, ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child**

_____

THE WARNER LAW FIRM

101 S.E. 11th, Ste. 301
Amarillo, Texas 79101
Tele: 806.372.2595
Fax: 866.397.9054
e-mail: mike@thewarnerlawfirm.com
e-mail: brent@thewarnerlawfirm.com

Michael A. Warner
Texas Bar No. 20872700
Brent C. Huckabay
Texas Bar No. 24085879

**APPELLANT REQUESTS ORAL ARGUMENT**

**ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child,**

**Appellant,**

**v.**

**TEXAS MUTUAL INSURANCE COMPANY**

**Appellee.**

_____

## IDENTITY OF PARTIES & COUNSEL

_____

| | |
|---|---|
| APPELLANT: | Ashley Denham as legal guardian of Freedom Lynn Jean Burris, a minor children<br>1117 Parr St.<br>Amarillo, Texas 79106 |

| | | |
|---|---|---|
| ATTORNEYS FOR APPELLANT: | Michael A. Warner<br>The Warner Law Firm<br>101 S.E. 11th, Ste. 301<br>Amarillo, Texas 79101 | TSB#  20872700<br>Tele:  806.372.2595<br>Fax:  866.397.9054<br>e-mail:<br>mike@thewarnerlawfirm.com |
| | Brent C. Huckabay<br>The Warner Law Firm<br>101 S.E. 11th, Ste. 301<br>Amarillo, Texas 79101 | TSB#  24085879<br>Tele:  806.372.2595<br>Fax:  866.397.9054<br>e-mail:<br>brent@thewarnerlawfirm.com |

| | |
|---|---|
| APPELLEE: | Texas Mutual Insurance Company<br>P.O. Box 12029<br>Austin, Texas 78711-2029 |

| | | |
|---|---|---|
| ATTORNEY FOR APPELLEE: | Arleen Matthews<br>Crenshaw, Dupree, &<br>Milam, L.L.P.<br>P.O. Box 1499<br>Lubbock, Texas 79408 | TSB#: 24026868<br>Tele:  806.762.5281<br>Fax:  806.762.3510<br>e-mail:<br>amatthews@cdmlaw.com |

## TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ...................................................... i

INDEX OF AUTHORITIES ........................................................ iii

     Cases……………………………………………………….. iii
     Statutes……………………………………………………... iv

STATEMENT OF THE CASE ................................................. 1

Issue 1: Whether the trial court erred in granting Defendant's Motion for Summary Judgment …………………………………………….…… 3

STATEMENT OF FACTS........................................................ 3

SUMMARY OF THE ARGUMENT........................................... 4

ARGUMENT........................................................................ 4

     A.    Standard for Review…………………………………….. 4
     B.    A Material Issue of Fact Exits with Regard to Decedent's Intoxication……………………………………………… 5
     C.    The Affidavit of Dr. Robert J. Philips was based on Personal Knowledge……………………………………….. 6

PRAYER ........................................................................ 7

CERTIFICATE OF SERVICE ................................................... 9

CERTIFICATE OF COMPLIANCE WITH TARP 9.4(i),……...…………. 9

APPENDIX…………………………………………………… 10

# INDEX OF AUTHORITIES

## CASES

*Alvarado v. Old Republic Ins. Co.*, 951 S.W.2d 254, 258
(Tex. App. - Corpus Christi 1997, n.w.h.)…………………………………. 6

*Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 115
(Tex.App.-Beaumont 2005, pet. denied)………………………………... 6

*Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994)………….. 7

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)…………. 5

*Burroughs Welcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)//……. 5

*Collins v. County of El Paso*, 954 S.W.2d 137, 145
(Tex. App. - El Paso 1997, n.w.h.)…………………………………………. 6

*DR Partners v. Floyd*, 228 S.W.3d 493, 497
(Tex. App.—Texarkana 2007, pet. denied)………………………………... 5

*Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952)……………………. 6

*Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394
(Tex. App.--Houston [14th Dist.] 1988, no writ)………………………….. 7

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)…………. 5

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)…………… 4

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)… 5

*Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806
(Tex. 2009) (per curium)…………………………………………………… 5

*Rizkallah v. Conner*, 952 S.W.2d 580, 587
(Tex.App.-Houston [1st Dist.] 1997, no writ.)……………………………... 6

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)…….. 4

## STATUTES

Texas Labor Code Ann. §401.013……………………………………………… 1, 2, 4

Texas Labor Code Ann. §401.013(a)(2)(B)……………………………………. 3

Texas Labor Code Ann. §401.013(c)……..…………………………………... 3

Texas Labor Code Ann. §406.032(1)(A)…..…………………………………… 3

Texas Health & Safety Code §481.002………………………………………….. 4

Texas Rule of Civil Procedure 166a(i),……………………………………….. 4

Texas Rule of Civil Procedure 166a(c)……..…………………………………….. 5

**ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child,**

**Appellant,**

**v.**

**TEXAS MUTUAL INSURANCE COMPANY**

**Appellee.**

_____

**APPELLANT, ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child's BRIEF**

_____

Appellant, **ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child**, submits her brief to this Honorable Court. Appellant will be referred to as "Appellant" or **ASHLEY DENHAM as parent and legal guardian of FREEDOM LYNN JEAN BURRIS, a minor child.** Appellee, **TEXAS MUTUAL INSURANCE COMPANY** will be referred to as "Appellee".

## STATEMENT OF THE CASE

*Nature of the case*. This case was brought pursuant to a request for judicial review of a determination by the Division of Worker's Compensation of Texas Insurance Commission Appeals Panel which rendered a decision that the claimed injury occurred while decedent was in a state of intoxication as defined by Texas Labor Code §401.013 and the carrier is relieved of liability for compensation.

*Course of Proceedings* **ASHLEY DENHAM as parent and legal guardian of**

1

**FREEDOM LYNN JEAN BURRIS, a minor child,** filed a workers' compensation claim on behalf of her minor child after decedent, Donnie Lee Burris, was killed in a motor vehicle accident on August 8, 2008, while in the course and scope of his employment. At the time of the accident, Decedent and another employee were in an employee-owned vehicle traveling to a job site in Clovis, New Mexico. Decedent was driving at the time of the accident. Plaintiff prevailed in the initial Contested Case Hearing (CCH) wherein the Hearing Officer's Decision and Order determined that Decedent was in the course and scope of his employment at the time of the accident. Defendant appealed that decision to the Appeals Panel and the case was remanded back to the Hearing Officer for further consideration and an additional issue of intoxication was added.

On July 28, 2009, a second CCH was held and the Hearing Officer determined that the claimed injury did not occur while Decedent was in a state of intoxication as defined by Texas Labor Code Ann. §401.013 and Defendant was not relieved of liability from compensation to the minor child beneficiary, Freedom Lynn Jean Burris, for the death of her father while in the course and scope of his employment with Panhandle Fire Protection, LLC on August 4, 2008 (CR 10-13). Defendant again appealed the adverse ruling of the Hearing Officer to Appeals Panel No. 091309 which reversed the Decision and Order of the Hearing Officer on October 30, 2009 (CR 14-19). Plaintiff filed her Request for Judicial Review of the Appeals Panel decision on December 8, 2009 (CR 4-9). Defendant filed a Motion for Summary Judgment on September 4, 2014 (CR 24-27). Plaintiff filed Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment on October 3, 2014 (CR 28-46). Defendant filed Defendant's Objections to Plaintiff's Summary Judgment Evidence and Reply to Plaintiff's Memorandum in Response to

2

Defendant's Motion for Summary Judgment on October 23, 2014 and (CR 47-54).

*Trial court disposition.* The trial court signed the Defendant's Motion for Summary Judgment on November 19, 2014 and the Order was filed on November 20, 2014 (CR 55). There was no mention in the Court's Order as to whether the Court was granting Traditional Motion for Summary Judgment or a No-Evidence Motion for Summary Judgment.

## ISSUE PRESENTED FOR REVIEW

Issue 1: Whether the trial court erred in Defendant's Motion for Summary Judgment.

## STATEMENT OF FACTS

Appellee is the Carrier for Panhandle Fire Protection LLC. It is undisputed that Decedent, Donnie Lee Burris, was an employee of Panhandle Fire Protection LLC and was killed in a motor vehicle accident while in the course and scope of his employment. At issue in the underlying administrative proceedings and on appeal to the trial court was whether or not Decedent was intoxicated at the time of the accident. Texas Labor Code §406.032(1)(A) provides that the Carrier (Appellee) is not liable for compensation if the injury occurred while the employee was in a state of intoxication. Texas Labor Code §401.013(a)(2)(B) defines intoxication as not having the normal use of mental or physical faculties resulting from the voluntary introduction into the body of a controlled substance or controlled substance analogue as defined by Section 481.002 of the Texas Health & Safety Code. Texas Labor Code Section 401.013(c), amended effective September 1, 2005, provides that on the voluntary introduction into the body of any substance listed under Subsection (a)(2)(B), based on a blood test or urinalysis, forms a rebuttable presumption that a person is intoxicated and does not have the normal use of mental or physical

3

faculties. The burden of proof then shifts to the claimant beneficiary, the minor child, to prove that Decedent was not intoxicated at the time of the injury (i.e. at the time of death).

## SUMMARY OF THE ARGUMENT

Appellant contends that the trial court erred in granting a traditional summary judgment or, in the alternative, a no-evidence summary judgment because there is a genuine dispute of a material issue of fact whether the claimed injury (i.e., Decedent's death) occurred while the Decedent, Donnie Lee Burris, was in a state of intoxication as defined in Texas Labor Code Ann. §401.013, which would relieve Appellee of liability from compensation.

Appellee objected to the affidavit of Dr. Robert J. Philips, but did not obtain a written ruling on same or file a Motion to Strike Dr. Philips' affidavit. The trial court's order did not address the affidavit of Dr. Philips or any evidentiary matters specifically. The crux of Appellee's argument appears to center on Dr. Philips' affidavit contending that the affidavit failed to contain some sort of magic language involving "personal knowledge."

## ARGUMENT & AUTHORITIES

### A.    *Standard of Review*

Appellate courts review the granting of a motion for summary judgment de novo. See *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a movant files a no-evidence motion in proper form under Texas Rule of Civil Procedure 166a(i), the burden shifts to the non-movant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572,

4

582 (Tex. 2006). In other words, the non-movant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. See *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied).

More than a scintilla of evidence exists when the evidence, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Welcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine issue of material fact exists and that it is entitled to a summary judgment as a matter of law. See *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). The trial court must indulge every reasonable inference in favor of the non-movant and resolve all doubts in his favor. *Id*. When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, the summary judgment may be affirmed if any of the summary judgment grounds are meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009) (per curium).

**B.**     ***A Material Issue of Fact Exits with Regard to Decedent's Intoxication***

At the CCH on July 28, 2009, both Appellant and Appellee brought forth testimony from expert witnesses for the Hearing Officer.  All parties were allowed the opportunity to cross examine witnesses. The Hearing Officer rendered his Decision and Order finding in favor of Appellant and it was this initial ruling in Appellant's favor that was appealed by the Appellee to the Appeals Panel. In cases involving controlled substances, there is no level or test defined by the

5

statute that establishes per se if a person has lost use of his or her physical and mental faculties. *Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 115 (Tex.App.-Beaumont 2005, pet. denied). A fact issue should arise as a matter of law with regard to intoxication because there is no level or test which determines even a minimum threshold level of marijuana metabolites or other controlled substance(s) present to indicate intoxication or whether or not a person has lost control of his or her physical and mental faculties.

See *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952) (noting that the purpose of summary judgment Rule 166a is not to deprive litigants of their right to trial when there is an issue of fact); *Collins v. County of El Paso*, 954 S.W.2d 137, 145 (Tex. App. - El Paso 1997, n.w.h.); *Alvarado v. Old Republic Ins. Co.*, 951 S.W.2d 254, 258 (Tex. App. - Corpus Christi 1997, n.w.h.). The issue as to whether or not Decedent was intoxicated at the time of the accident is a decision for the jury to decide.

### C. The Affidavit of Dr. Robert J. Philips was based on Personal Knowledge

The affidavit of Dr. Robert J. Philips was based on his personal knowledge of the case derived from Dr. Philips' testifying at the CCH on the review of the underlying facts and his own personal research substantiating his opinion in his letter which was made a part of the administrative record and also in the trial court. *See Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no writ.). Dr. Philips specifically mentions in his verification that he opined ("personally") in the underlying administrative hearing that in his expert opinion the postmortem drug levels found in Decedent's drug screens were "totally invalid due to the rapid redistribution from storage tissues." Dr. Philips' letter makes specific mention that he hopes

6

that his explanation is helpful in this case and if further explanation was needed, to "let him know."

A verification, attached to the motion or response, that the contents are within the affiant's knowledge and are both true and correct does not constitute a proper affidavit in support of summary judgment under Rule 166a(f). *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (citing *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.--Houston [14th Dist.] 1988, no writ) (referring to what was then Rule 166a(e)). The affidavit must itself set forth facts and show the affiant's competency, and the allegations contained in the affidavit must be direct, unequivocal and such that perjury is assignable. *Keenan*, 754 S.W.2d at 394. There is no particulars required of an affidavit, the affidavit just must show that it is based on the personal knowledge of the affiant. The affidavit of Dr. Phillips meets all these requirements, thus is proper evidence in response to the Defendant's Motion for Summary Judgment.

## CONCLUSION AND PRAYER FOR RELIEF

The trial court incorrectly erred by granting summary judgment to Appellee because there were material issues of fact regarding Decedent's intoxication at the time of his death and thus, the Court should reverse the trial court's decision granting Summary Judgment in this case. Appellant prays that this Honorable Court reverse the ruling of the trial court and remand this case back to the trial court to proceed to trial on the merits.

Respectfully submitted,

**THE WARNER LAW FIRM**


/s/ Michael A. Warner
**MICHAEL A. WARNER**
State Bar No. 20872700
E-mail: mike@thewarnerlawfirm.com
**BRENT C. HUCKABAY**
State Bar No. 24085879
E-mail: brent@thewarnerlawfirm.com

101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Tele:    806.372.2595
Fax:     866.397.9054

**ATTORNEYS FOR APPELLANT**

## Certificate of Service

I certify that a true copy of this the Brief of Appellant, Ashley Denham as parent and legal guardian of Freedom Lynn Jean Burris, a minor child was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

**TEXAS MUTUAL INSURANCE COMPANY**, represented by

Arlene Matthews, Crenshaw, Dupree & Milam, L.L.P.

| | | |
|---|---|---|
| P.O. Box 1499 | Certified mail | Delivery service |
| Lubbock, Texas 79408-1499 | _____ | _____ |
| Tele:   806.762.5281 | Fax transfer | Personal delivery |
| Fax:   806.762.3510 | #_____X_____ | _____ |

Date of service: February 19, 2015

Signed this 19th day of February, 2015.

/s/ Michael A. Warner
Michael A. Warner

## CERTIFICATE OF COMPLIANCE WITH TARP 9.4(i)

I certify that the Appellant's Brief is in compliance with Texas Appellate Rule of Procedure 9.4(i).  The total word count for the document is 3284.  The Total page length is 18 pages.

Signed this 19th day of February, 2015

/s/ Michael A. Warner
Michael A. Warner

## APPENDIX

Affidavit of Dr. Phillips……………………………………………………. A

Dr. Phillips Letter for CCH………………………………………………… B

STATE OF TEXAS       )

COUNTY OF POTTER    )

      **BEFORE ME,** the undersigned notary public, on this day personally appeared **DR. ROBERT PHILIPS,** who being by me duly sworn, upon her oath deposed and said:

      "My name is **DR. ROBERT PHILIPS.** I am over the age of eighteen years and am capable of making this affidavit. I opined in the underlying administrative hearings that in my opinion the postmortem drug levels found in Claimant's body were totally invalid due to the rapid redistribution from storage tissues.

      "Attached hereto as Exhibit C is a true and correct copy of the letter I wrote concerning the validity of the postmortem exam and drug testing on the Claimant, Donnie Lee Burris.

      "Further the affiant sayeth not."

                                      _____
                                      Dr. Robert Philips

      **SUBSCRIBED AND SWORN** to before me, this _____ day of October, 2014, to certify which witness my hand and official seal.

Brent Huckabay
Notary Public,
State of Texas
Expires:09-16-2018

_____
**NOTARY PUBLIC, STATE OF TEXAS**
My commission expires: _9-16-18_

**EXHIBIT A**

Robert J Philips, D.O.
100 W 30th Suite 101
Pampa, Tx 79065
806-669-1243
Fax 806-665-4911

To Whom It May Concern:

Karch's text on forensic pathology, 3rd edition, 2002. Section 9.12 say very plainly that the use of drug levels in postmortem exams is totally invalid when testing for cannabis (THC) and its metabolites due to the rapid redistribution from storage tissues such as fat in the body. Notice the date of death is August 4th. The autopsy where the specimens were collected was done two days later on the 6th of August. This totally invalidates any drug levels that were referred to in the letter of Dr. Kelaher. Neither can one insinuate nor speculate as to the time of marijuana consumption, nor the quantity, nor the state of ones ability to drive a vehicle. You might check case law on this one! Supposing the decedent had not died and they used the CIF formula to calculate the ability to drive. It still would reflect a calculated CIF of 8.5. If the CIF is equal to or greater than ten one is presumed to be unfit or too intoxicated to drive. After death the blood levels of THC rise rapidly within hours. This invalidates the use of THC levels in post mortem exams. I hope this is helpful in your case. If you need explanations or further data let me know.

Sincerely

Robert J Philips, D.O.

**EXHIBIT B**

KERSWILL. R. M., VICENTE, M. R. (2003). Clozapine and Postmortem Redistribution. *Am. J. Psychiatry* 160: 184-184 [Full Text]

**BMJ Careers - Latest pathology jobs**

MID ESSEX HOSPITAL SERVICES NHS TRUST Broomfield Hospital Chelmsford Essex CONSULTANT CELLULAR PATHOLOGY (9 Jul 2009)

HCL International has a fantastic job opportunity for a Consultant Histopathologist to join a large NHS Trust in Birmingham. (9 Jul 2009)

Locum Consultant required 6-12 months (8 Jul 2009)

Medic International require a Consultant from 3rd August until November in the North West of England. (29 Jun 2009)

NHS LOTHIAN Royal Infirmary and Western General Hospitals Lothian Pathology Service Edinburgh CONSULTANTS HISTOPATHOLOGY (13 Jul 2009)

Show me all >>

EISSN 1472-4146
ISSN 0021-9746

Contact us | Website terms & conditions | Revenue sources | Privacy policy | Home | Top

Copyright © 2000 by the BMJ Publishing Group Ltd & Association of Clinical Pathologists. All rights reserved.