Billy ELLIS et al., Petitioners,

v.

Gerald J. JANSING et ux., Respondents.

No. C–129.

Supreme Court of Texas.

July 22, 1981.

Rehearing Denied Sept. 23, 1981.

Clark, Gorin, McDonald, Ragland & Mangrum, Tom L. Ragland and Boyd Mangrum, Waco, for petitioners.

McNamara & McNamara, John B. McNamara, Waco, for respondents.

WALLACE, Justice.

This is an appeal from a summary judgment in a trespass to try title case. The trial court rendered judgment for Billy Ellis and Charles M. McDonald, plaintiffs. The court of civil appeals reversed the judgment of the trial court and remanded for trial. 610 S.W.2d 812. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The Petitioners, Ellis and McDonald, own Lot 4 and the Respondents, the Jansings, own the adjoining Lot 3 of Castle Heights Addition to the City of Waco. The common source of title was A. B. Shoemake. In 1937 Shoemake entered into an agreement with the City of Waco whereby he dedicated "for the use and accommodation of the City of Waco, the owners of contiguous lots and the general public," a 15 foot easement which extended across the westernmost part of Lot 4 owned by Ellis and McDonald and adjoined the easternmost boundary of the Jansings' Lot 3. Mr. Shoemake erected a concrete retaining wall 8 to 10 feet high, topped by a 4 foot chain link fence, located approximately 3½ feet east of the 15 foot easement and, for the purposes of our discussion, ran the length of the easement. This retaining wall extends some 2 to 3 feet

above the surface of the 15 foot easement and the Jansings' property. Ellis and Mc-Donald's property is 8 to 10 feet lower than the easement and the Jansings' property.

The City of Waco built an underground concrete pipe storm sewer beneath the entire length of the 15 foot easement. The storm sewer is still in use and is checked periodically by City employees.

The issues before us are: (1) whether Tex.Rev.Civ.Stat.Ann. art. 5517 (1958) is applicable to this fact situation, and (2) whether Respondents produced summary judgment evidence sufficient to raise a fact issue on title by adverse possession under the ten year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5510 (1958).

Article 5517 states:

The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State.

The instrument by which the 15 foot easement in question was dedicated states, in pertinent part:

. . . the strips of ground hereinafter described shall at all times hereafter be and remain open as for an alley and passageway for the use and accommodation of the City of Waco, the owners of contiguous lots and the general public, which said property, to be so used as such alley and passageway is described as follows: (There follows a metes and bounds description of the 15 foot easement in question.)

The court of civil appeals, in reversing the judgment of the trial court, held that Article 5517 was not applicable because this is a dispute between two individuals over the ownership of the fee to the property

subject to the easement. The court of civil appeals attempted to distinguish this fact situation from those cases where individuals were attempting to perfect title by adverse possession against public bodies. The court of civil appeals erred in its interpretation of Article 5517. Although the court correctly interpreted the first part of the statute, which states that the right of the State, counties, incorporated cities and all school districts shall not be barred by any provisions of the statutes setting out the statute of limitations as it applies to actions for the title of real estate, the court ignored the following language:

. . . nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, *or* which have been donated or dedicated for public use *to any such town, city, or county by the owner thereof, or* which have been laid out or dedicated in any manner to public use in any town, city, or county in this State. (Emphasis added.)

We hold that it was the intention of the Legislature in enacting Article 5517 to protect the rights of those persons to whom the property was dedicated from any person claiming by adverse possession. A dedication for use by the general public, as in this case, protects the right of use by the public generally, not just the city, county or other public body.

■ The document whereby this 15 foot easement was dedicated clearly shows an intention to dedicate it to the city of Waco, to adjacent property owners, and to the general public as an alley and passageway. We hold that Article 5517 is applicable to this case and prohibits a claim of adverse possession by the Respondents with respect to the 15 foot easement in question. *Spencer v. Levy*, 173 S.W. 550 (Tex.Civ.App.—Austin 1915, writ ref'd).

The cement retaining wall is 3.85 feet east of the easement property at the north end and 3.35 feet east of the easement at the south end. The Jansings contend that

even if they are prohibited by Article 5517 from claiming adverse possession to the 15 foot easement strip, they perfected title by adverse possession to the strip between the easement and the concrete retaining wall. The Jansings further contend that the summary judgment evidence raises a fact issue as to whether such limitation title was perfected by them and their predecessor in title, Newman E. Copeland, et ux.

The Jansings took title to their property on May 22, 1970, and the present action was filed on August 8, 1979. To have matured limitation title under the ten year statute, Article 5510, they must tack their adverse possession, if any, to that of Newman E. Copeland and wife.

By deposition, Mr. Copeland testified that when he and his wife took possession of the property they assumed that their boundary line was the concrete retaining wall. Mr. Copeland stated there was a flower bed along the retaining wall, he dug up the flowers, and thereafter grass grew over the entire 15 foot easement and the strip between the easement and the retaining wall. The Copeland's yard was never fenced, and entrance onto the easement and adjoining strip between the easement and retaining wall was not obstructed. He further testified that he did not represent to the Jansings that their property line extended to the retaining wall or that he owned the property all the way to the retaining wall. Mr. Copeland also testified he had never represented to anybody that he owned or claimed the 15 foot easement or the adjoining 3 feet between the easement and the retaining wall. In his affidavit attached to Defendant's Answer to Plaintiff's Motion for Summary Judgment, Mr. Copeland stated that when he purchased the property the concrete wall and chain link fence on top thereof was in place, it was his understanding that the fence was the eastern boundary line of the property, and it was his belief that his property extended to the retaining wall and fence. He stated that he used that property as part of his yard, and during the time of his occupancy he maintained it as part of his yard, keeping the grass mowed, trimming and removing trees

and other growth the same as the other parts of the yard. He then stated:

> My use and claim to the property, including that up to the fence, was at all times uninterrupted by the adverse claim of any person, my use was open and notorious and adverse, exclusive, and continuous for all of the period of the time that I owned it from the date of my deed to the date of acquiring until the time we conveyed it to Mr. and Mrs. Jansing. No one has ever disputed my right to the use and enjoyment of said property or my claim to the title thereof.

This portion of the affidavit in which Mr. Copeland states he held open, notorious, exclusive, continuous and adverse possession to the property in question, represents legal conclusions and is ineffective to raise a fact issue in a summary judgment hearing. *Life Insurance Company of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378 (Tex.1978). "In ruling on a motion for summary judgment, only admissible testimony having probative force is to be considered." *Crain v. Davis*, 417 S.W.2d 53 (Tex.1967); *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961).

This leaves us with the question of whether the testimony of Mr. Copeland that he bought the property thinking that the boundary was the concrete retaining wall and maintained it as part of his yard was sufficient to raise a fact issue of adverse possession. Mr. Copeland testified he never claimed or intended to claim any property other than that described in his deed, or what he thought was contained in his deed, and he never intended to claim any property owned by the abutting property owners.

■ We hold these facts are legally insufficient to sustain a claim of adverse possession. *Miller v. Fitzpatrick*, 418 S.W.2d 884 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). "Mere occupancy of land without any intention to appropriate it will not support the statute of limitations." *Wright v. Vernon Compress Company*, 156 Tex. 474, 296 S.W.2d 517 (1956). "No matter how exclusive and hostile to the true owner the possession may be in appearance,

it cannot be adverse unless accompanied by the intent on the part of the occupant to make it so. The naked possession unaccompanied with any claim of right will never constitute a bar." *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781 (1954), quoting *Houston Oil Company v. Stepney*, 187 S.W. 1078 (Tex.Civ.App.— Beaumont 1916, writ ref'd).

The Copelands did not commence adverse possession; therefore there was nothing to which the Jansings could tack their claim of adverse possession.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court which confirmed title in Ellis and McDonald to all of Lot 4 subject to the 15 foot easement.