IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-277-CV





PAUL D. McINNIS,



 APPELLANT


vs.





H. G. COUNTS, TRUSTEE,



 APPELLEE



 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 11,057, HONORABLE D. V. HAMMOND, JUDGE 



 




 Paul McInnis appeals from the judgment rendered in a boundary-dispute suit with
his neighbor H. G. Counts. We will affirm the judgment.



THE CONTROVERSY



 In 1978 McInnis purchased a city lot from Mr. and Mrs. Cloud. A hedge divided
McInnis's lot from an abutting lot to the north; the Clouds told McInnis that the hedge was the
boundary between the lots. In 1982 Counts purchased the abutting lot to the north. A survey
revealed that the true boundary between the two lots lay seven and one-half feet south of the
hedge. The McInnis house encroached slightly upon this seven and one-half foot strip, as did
several less substantial improvements.

 Counts sued in 1987 for declaratory judgment establishing the boundary according
to the survey. McInnis sued in a counterclaim to recover prescriptive title to the strip under the
terms of the ten-year statute. Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (West 1986). In its
final judgment, the trial court awarded Counts declaratory relief establishing the boundary
designated in the survey, ordered other relief not disputed on appeal, and ordered that McInnis
take nothing by his counterclaim.

 The trial-court judgment rests upon a jury's verdict. Among other findings, the
jury concluded that McInnis and his predecessors in possession were in actual possession of the
disputed strip of land, continuously using it, and exercising dominion over it as if it were theirs
exclusively, all for a period in excess of ten years before suit was filed. However, the jury
declined to find from a preponderance of the evidence that the successive owners claimed title to
the strip "adversely" to anyone else, an essential finding in a prescriptive-title claim under
section 16.026.

 McInnis appeals from the trial-court judgment on the single point of error that he
established as a matter of law a prescriptive title under section 16.026.



DISCUSSION AND HOLDINGS


 McInnis argues the evidence was conclusive on the essential fact the jury declined
to find--that his nine years of possession of the disputed strip, when joined with the Clouds' last
year of possession, amounted to ten years of "adverse possession" when Counts interrupted that
possession by his suit. Unless the evidence shows conclusively that the Clouds' possession
constituted "adverse possession," McInnis's appeal fails. (1)

 To constitute "adverse possession," a claimant's "actual and visible appropriation"
must be "commenced and continued under a claim of right that is inconsistent with and is hostile
to the claim of another person." Tex. Civ. & Rem. Code Ann. § 16.021(1) (West 1986)
(emphasis added). The claim of right may be communicated by actual notice to the other person. 
There is no evidence of such notice in the present case. In other instances, the notice may be
communicated by constructive notice to the other person. This occurs when the claimant's acts
of dominion over the land are sufficiently pronounced, hostile, and inconsistent to charge the other
person with constructive notice that the acts are taken under a claim of right. Nona Mills Co. v.
Wright, 102 S.W. 1118 (Tex. 1907). In either case, the acts of dominion must be taken under a
claim of right. It is on this point that McInnis fails in his contention that the evidence established
adverse possession as a matter of law.

 Mr. and Mrs. Cloud described in their testimony their various acts of dominion
over the disputed strip. They testified, however, that their acts were taken in a belief that the
hedge corresponded to their legal boundary and that they never intended to claim any part of the
anyone else's property but only the property that was theirs. The evidence is undisputed that the
hedge did not in fact correspond to the legal boundary, fixed in the various owners' respective
deeds; the legal boundary lay instead seven and one-half feet south of the hedge and along the line
described in the 1982 survey.

 We believe the decision in Ellis v. Jansing, 620 S.W.2d 569, 571-72 (Tex. 1981)
controls McInnis's contention on appeal. There, as here, the claimant under the ten-year statute
was obliged to rely upon the possession of his immediate predecessor in possession. The
predecessor exercised dominion over a narrow strip in a mistaken belief that a retaining wall
corresponded to the legal boundary fixed in his deed and, he testified, he never intended to claim
land other than that described in his deed. The court held his testimony defeated as a matter of
law an intention to claim the strip adversely to the true owner, saying "[n]o matter how exclusive
and hostile to the true owner the possession may be in appearance, it cannot be adverse unless
accompanied by the intent to make it so." Id. Thus, if one assumes the Clouds' acts of possession
were sufficiently pronounced and hostile to imply they were taken under a claim of right hostile
to that of the record owner, their own testimony defeats that implication as a matter of law
because they stated they did not intend to claim property outside that described in their deed. 
Simply stated, such testimony established that the acts were taken under a mistake and not under
a claim of right.

 Jansing had been criticized in this respect. See Judson T. Tucker, Adverse
Possession in Mistaken Boundary Cases, 43 Baylor L. Rev. 389, 400-405 (1991). We are
nevertheless obliged, of course, to follow the decision. We hold accordingly.

 Under his single point of error, McInnis urges certain other arguments to the effect
that the jury's answers to questions 3, 4, 5, and 6 established conclusively his claim of adverse
possession; and the jury's failure to find that his claim was "adverse" is in conflict with the jury's
answers to these other special issues.

 McInnis argues the following: Counts and his predecessors in title treated the
property south of the hedge as belonging to McInnis, and there is no evidence that McInnis used
the strip with their permission; no other evidence controverts McInnis's claim of adverse
possession; and the jury's answer to question number 5 established that the various owners of the
lot north of the hedge were uncertain, before 1978, concerning the exact location of the boundary
in question. These are immaterial. McInnis was bound to recover on his claim, if at all, by
establishing the elements necessary to recover under the ten-year statute. The burden of adducing
evidence lay upon him, not upon the record owner.

 The jury's answers to qeustions 3, 4, and 6 are similarly immaterial. These
establish the following: Counts had notice of McInnis's possession and occupancy of the strip
when Counts purchased his lot; Counts knew of the encroachments upon the narrow strip when
he purchased his lot; and Counts waived the right to complain of any encroachments upon the
narrow strip because he purchased his lot with knowledge of the encroachments, then sold and re-purchased the lot without reference to them. These answers are immaterial for several reasons. 
We shall mention only one--they do not refer to the Clouds' acts of adverse possession which
McInnis had to establish because his own possession encompassed only nine years.

 We hold accordingly and overrule the point of error.


 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: October 21, 1992

[Do Not Publish]
1.   McInnis is obliged to rely upon the Clouds' possession because he first entered into
possession of the disputed strip when he purchased his lot in 1978. Such "tacking" of a
predecessor's possession is, of course, expressly authorized by Tex. Civ. Prac. & Rem. Code
Ann. § 16.023 (West 1986).


 It would be immaterial that a prescriptive claim matured before McInnis entered into
possession in 1978. A matured prescriptive claim may be conveyed only by written instrument. 
See Dale v. Stringer, 570 S.W.2d 414, 416 (Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.)
and authorities cited therein.