Opinion issued October 28, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00126-CV




MINH THU TRAN, NORMAN L. ROSER, AND
WASHINGTON MUTUAL BANK, FA, Appellants

V.

WILLIAM MACHA AND NITA MACHA, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2001-43727




OPINION DISSENTING FROM
DENIAL OF REHEARING

          Because the undisputed facts of this case are legally insufficient to sustain a
claim of adverse possession, I respectfully dissent.
          In their second point of error, appellants contend that there is legally
insufficient evidence to support the jury’s finding that appellees “and their
predecessors in privity of estate under whom they claim held the Property in question
in peaceable and adverse possession.” Appellees concede that they “claim title in this
case under Lillian Haliburton.” Appellants assert, however, that there is no evidence
that Lillian Haliburton, appellees’ predecessor in privity of estate, intentionally or
knowingly adversely possessed the property in question from her relatives, the Budde
family.
          In reviewing a no-evidence point, we must view the evidence in the light most
favorable to the disputed fact, and we disregard all evidence and inferences to the
contrary. Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003). If more
than a scintilla of evidence supports the finding, the verdict must be upheld. Id. 
More than a scintilla of evidence exists when the evidence supporting the finding, as
a whole, “rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions.” Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997).
          Adverse possession means “an actual and visible appropriation of real property,
commenced and continued under a claim of right that is inconsistent with and is
hostile to the claim of another person.” Tex. Civ. Prac. & Rem. Code Ann.
§16.021(1) (Vernon 2002). Under this definition, the majority concludes that
It is simply not disputed that everyone believed the Haliburtons owned
the garage and driveway that were built in part on lot 6, which they did
not own and on which they did not pay taxes, and used the garage and
driveway continuously for at least 15 years. This fact alone constitutes
legally and factually sufficient evidence to sustain the jury’s finding.

(Emphasis added.) In support of its holding that the evidence was legally and
factually sufficient to support the jury’s finding of adverse possession, the majority,
citing Calfee v. Duke, 544 S.W.2d 640, 642 (Tex. 1976), notes that “[t]he law is also
well settled that adverse possession need not be intentional, so long as it is ‘visible,
open, and notorious.’” (Emphasis added.)
          However, in Calfee, the Texas Supreme Court expressly stated that “[n]o matter
what the use and occupancy of the land may be, the possessor must intend to
appropriate it.” 544 S.W.2d at 642 (emphasis added). As explained by the Court in
Ellis v. Jansing, “[m]ere occupancy of land without any intent to appropriate it will
not support the statute of limitations.” 620 S.W.2d 569, 571 (Tex. 1981). Further,
[n]o matter how exclusive and hostile to the true owner the possession
may be in appearance, it cannot be adverse unless accompanied by the
intent on the part of the occupant to make it so. The naked possession
unaccompanied with any claim of right will never constitute a bar.

Id. at 571-72 (quoting Orsborn v. Deep Rock Oil Corp., 267 S.W.2d 781, 787 (Tex.
1954)).
          In Ellis, the Court answered “the question of whether the testimony of [the
occupant] that he bought the property [in question] thinking that the boundary was 
[a] concrete retaining wall and maintained it as part of his yard was sufficient to raise
a fact issue of adverse possession.” 620 S.W.2d at 571. In that case, the occupant
testified that he had never claimed or intended to claim any property other than that
which was described in his deed, or what he thought was contained in his deed, and
he had never intended to claim any property owned by abutting property owners. Id. 
The Court held that these facts were legally insufficient to sustain a claim of adverse
possession. Id.
          Here, the evidence, viewed in the light most favorable to the jury’s finding,
establishes that the Haliburtons used the garage and driveway on the property in
question and treated the property as if it were their own. However, there is nothing
in the record to indicate that the Haliburtons ever intended to claim any property from
the Buddes that was actually owned by the Buddes, and such an intention cannot be
assumed. Even if the evidence supported an inference that both the Buddes and the
Haliburtons thought that the Haliburtons had purchased the property in question, this
mutual mistake of fact, in the absence of any evidence that the Haliburtons ever
claimed or intended to claim the property, is insufficient to raise a fact issue of
adverse possession. See id.
 

          Accordingly, I would grant appellants’ motion for rehearing, reverse the
judgment of the trial court, and render judgment in favor of appellants.
 
 
                                                             Terry Jennings
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Justice Jennings, dissenting.