COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALBERTO CAMPOS, | § | No. 08-11-00066-CV |
|  | § |  |
| Appellant, |  | Appeal from |
|  | § |  |
| v. |  | 65th District Court |
|  | § |  |
| RUTH FEMAT CAMPOS, |  | of El Paso County, Texas |
|  | § |  |
| Appellee. |  | (TC # 2000CM6196) |
|  | § |  |

**O P I N I O N**

Alberto Campos appeals from a post-divorce clarification order. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On September 25, 2000, Ruth Femat Campos filed a petition for divorce. The Honorable Jose Juarez, Associate Judge of the 65th District Court, conducted the final hearing on June 4 and November 20, 2001 and entered findings and recommendations on December 3, 2001. In those findings, he awarded an account referred to as "CONSECO account #ON500147" to both Ruth and Alberto without specifying the percentage awarded to each party. Neither party appealed to the referring court. The referring court adopted the findings and recommendations of the associate judge on December 10, 2001 and set January 18, 2002 as the date for entry of the decree. The district court did not sign the final decree of divorce until April 24, 2002. In the final decree, Ruth was awarded the Conseco account.

On May 6, 2002, Alberto filed a motion for new trial which the trial court granted. Following a second trial on July 25, 2002, the associate judge issued a corrected

recommendation limited to the issues raised in the motion for new trial and the district court adopted it on July 30, 2002. As reflected in exhibits attached to the corrected recommendation, the court awarded the Conseco account, valued at $6,899, to Alberto. The court signed the divorce decree more than two years later on August 31, 2004. Ruth filed a motion to clarify and a motion to set aside the second judgment on the ground that the district court lacked jurisdiction to grant a new trial. The associate judge concluded that the court lost plenary power to grant a new trial on January 9, 2002, such that the order granting the motion for new trial, the decree signed on April 24, 2002, the findings and recommendation adopted on July 30, 2002, and the decree signed on August 31, 2004 were void. Alberto appealed that ruling to the referring court and the district judge adopted the decision of the associate judge. Alberto did not appeal or otherwise challenge that ruling.

On November 7, 2008, Ruth filed a motion for clarification on the ground that the court had not specified the percentage of the Conseco account awarded to each party. The associate judge heard that motion and entered a clarification order awarding each party a one-half interest in the Conseco account. The associate judge also determined that the account had a value of $18,620.77 on the date of divorce. No record was made of the hearing. The referring court adopted the order and later entered written findings of fact and conclusions of law. This appeal follows.

## AUTHORITY TO ENTER
## CLARIFICATION ORDER

In his first issue, Alberto argues that the trial court did not have authority to change the value of the account after its plenary power expired. Alberto relies on Section 9.007 of the Family Code to support his argument but several provisions inform our review of this issue.

A party affected by a divorce decree providing for a division of property may request enforcement of that decree by filing a suit to enforce as provided by Chapter 9 of the Family Code. TEX.FAM.CODE ANN. § 9.001 (West 2006). The court that rendered the decree of divorce retains the power to enforce the property division. TEX.FAM.CODE ANN. § 9.002; *see Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). If the decree is ambiguous, the court may enter a clarification order. TEX.FAM.CODE ANN. § 9.006(a); *Pearson*, 332 S.W.3d at 363. The court may specify more precisely the manner of effecting the property division previously made provided that the substantive division of property is not altered or changed. TEX.FAM.CODE ANN. § 9.006(b); *see Dechon v. Dechon*, 909 S.W.2d 950, 956 (Tex.App.--El Paso 1995, no writ).

The section relied on by Alberto, Section 9.007, further limits the trial court's authority:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

TEX.FAM. CODE ANN. § 9.007(a), (b).

The issue before us is whether the trial court's order impermissibly changed or altered the actual, substantive division of property made in the divorce decree. The trial court and the parties have proceeded under the assumption that the associate judge's "Findings and Recommendation in Final Divorce/Annulment" adopted by the referring court on December 10, 2001 constituted the final judgment of the court and that the final decrees of divorce signed by the referring court on April 24, 2002 and July 30, 2002 were void. Given that Alberto failed to challenge the trial court's order declaring the decrees of divorce to be void, we likewise will look to the December 10, 2001 order as the judgment containing the actual substantive division of property.[1]

In that order, the trial court awarded the Conseco account to Alberto and Ruth without specifying the percentage division. This deficiency rendered the trial court's judgment ambiguous and subject to clarification. We are unable to determine whether the clarification order changed the actual substantive division of property because we have not been provided with a complete record of the final divorce hearing. The court reporter has prepared the record of the final hearing which occurred on June 4, 2001 but the record contains only three of the fifteen exhibits admitted during that hearing. The court reporter has informed the court that the remaining twelve exhibits no longer exist. Similarly, the appellate record includes the portion of the final hearing which took place on November 20, 2001, but only five of the fifteen exhibits admitted on that date have been included because the remaining exhibits no longer exist.

Alberto argues that the trial court altered the property division by determining in the clarification order that the Conseco account had a value of $18,620.77 on the date of divorce because the associate judge had previously made a finding that it had a value of only $6,899.

_____

[1] Our opinion should not be interpreted as approval of the trial court's determination that any rulings made after January 9, 2002, including the July 30, 2002 divorce decree, were void.

- 4 -

The December 10, 2001 judgment did not reflect the value of the Conseco account.  Alberto is correct that the associate judge's written findings and recommendations entered after the retrial showed the Conseco account to have a value of $6,899, but the trial court determined that those findings were void and Alberto did not challenge that ruling.  Consequently, we will not consider those findings in determining whether the trial court had authority to enter a clarification order.  Given that the December 10, 2011 judgment did not specify percentage awards and did not establish the value of the account on the date of divorce, we are unable to determine from the incomplete record that the clarification order changed the actual substantive division of property Concluding that the trial court had authority to enter the clarification order, we overrule Issue One.

## SUFFICIENCY OF THE EVIDENCE

In Issue Two, Alberto challenges the factual sufficiency of the evidence supporting the trial court's finding that the account had a value of $18,620.77 on the date of divorce.[2]

### *Standard of Review*

We review the trial court's ruling on a post-divorce motion for clarification of a divorce decree under an abuse-of-discretion standard.  *See In re A.C.B.*, 302 S.W.3d 560, 563 (Tex.App.--Amarillo 2009, no pet.); *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex.App.--Houston [1st Dist.] 2006, pet. denied).  In determining whether the trial court abused its discretion, we engage in a two-pronged analysis:  (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application

---

[2]  Alberto argues that the evidence is insufficient but he has not specified whether he is challenging the legal or factual sufficiency of the evidence and he does not address the standard of review.  In the prayer, however, he requests that the clarification order be found void, or alternatively, he asks that the cause be remanded for a new trial.  The first request is related to his contention in Issue One that the trial court lacked jurisdiction or authority to enter the clarification order.  The second request is related to Issue Two.  Given that he has not requested that judgment be rendered in his favor, we have interpreted Issue Two as raising only a factual sufficiency challenge.

of discretion?  *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex.App.--El Paso 2005, no pet.).  The traditional sufficiency standards apply to the first question.  *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex.App.--El Paso 2005, no pet.).

The amended clarification order recites that the parties appeared in person and through their attorneys and that the court considered the pleadings, evidence, and argument of counsel.  The appellate record does not include a reporter's record from this hearing on Ruth's motion to clarify.  In the absence of a reporter's record, the trial court's findings of fact are conclusive.  *See In re J.C.*, 250 S.W.3d 486, 489 (Tex.App.--Fort Worth 2008, pet. denied).  The trial court did not make a specific finding of fact related to its calculation or determination of the value of the Conseco account, but the court found that Ruth discovered an error in the judgment that granted the property to both parties with specifying the percentage awarded to each party.  Additionally, the court concluded that all legal prerequisites to the granting of the clarification had been met, all property in question belonged to the community estate, a division of the property was a just and right division having due regard for the rights of each party, the divorce decree failed to specifically award the parties a percentage of interest in the Conseco account, and an equal division of the account was a just and right award.  The court also stated that its conclusions of law could be considered a finding of fact where applicable.  Texas Rule of Civil Procedure 299 provides in relevant part that:

> The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.

TEX.R.CIV.P. 299.  Neither party requested additional findings of fact and conclusions of law.  The trial court's findings include elements of Ruth's "ground of recovery" so the omitted finding

will be supplied by presumption in support of the judgment. That deemed finding is conclusive on the issue. Finding no abuse of discretion, we overrule Issue Two and affirm the judgment of the trial court.


July 25, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.
(Rivera, J., not participating)