# NO. 12-18-00015-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN FRAZIER, ON BEHALF* *OF NEAL FRAZIER, DECEASED,* *APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *RICHARD DONOVAN,* *APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin Frazier, on behalf of Neal Frazier, deceased, appeals from an adverse judgment rendered against Neal Frazier in his trespass to try title suit against Richard Donovan. In two issues, Frazier contends the trial court was biased, and the judgment is erroneous because Neal Frazier established title by adverse possession. We affirm.

## BACKGROUND

In the 1930's, Neal's grandparents, Mary and Harrison Frazier, built a house for their family. They mistakenly built it on property adjacent to theirs that was owned by other family members, the Barnetts. After Mary's death, Neal's aunt lived in the home. Neal also lived in the house at times. He was living there in 2011 when Donovan purchased both the Frazier tract and the Barnett tract. At that time, a survey revealed that the Frazier house was located on the Barnett tract. Donovan's forcible entry and detainer action resulted in Neal's removal from the property.

Neal filed suit against Donovan to establish title by adverse possession. The trial court granted Donovan's motion for summary judgment which Neal appealed. This court determined that Donovan failed to show entitlement to summary judgment, reversed the judgment, and

remanded the cause to the trial court.[1]  Upon remand, after a trial before the court, the trial court rendered judgment that Neal take nothing.  Neal passed away and his son, Kevin, filed a suggestion of death and a notice of appeal.

## JUDICIAL BIAS

In his first issue, Frazier asserts that the trial court was socio-economically biased against Neal.  Although unclear, he seems to argue that the court committed prejudicial error by hearing the case three times and deciding the case against Neal three times.  He asserts that a judge who has personal knowledge of disputed facts may be influenced by that knowledge.

### Applicable Law

Parties have a right to a fair and impartial trial presided over by a neutral and detached judge.  *Markowitz v. Markowitz*, 118 S.W.3d 82, 86 (Tex. App.−Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).  To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed and (2) probable prejudice to the complaining party.  *Id*.  A judge must recuse in any proceeding in which the judge has personal knowledge of disputed evidentiary facts concerning the proceeding.  TEX. R. CIV. P. 18b(b)(3).

### Analysis

Frazier has not shown that this complaint was raised in the trial court or ruled on.  *See* TEX. R. APP. P. 33.1.  Further, Frazier asserts no specific words or actions on the part of the judge that he contends constitute a show of bias.  The mere fact that the judge presided over three separate hearings on the issue of Neal's entitlement to possession or title to the property does not indicate that the judge has personal knowledge.  Frazier must show that the alleged bias arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings, unless these actions during proceedings indicate a high degree of favoritism or antagonism that renders fair judgment impossible.  *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.−Houston [14th Dist.] 2000, pet. denied).  Generally, no bias is shown when the allegations are based solely on judicial rulings.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam).

Additionally, an appellant must present the appellate court with a record that shows the error about which the appellant complains.  *Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440, 442 (Tex.

---

[1]  *Frazier v. Donovan*, 420 S.W.3d 463 (Tex. App.−Tyler 2014, no pet.).

App.–Houston [1st Dist.] 1994, no writ). No reporter's record was filed in this appeal. When no reporter's record of an evidentiary hearing is filed, we must presume that the evidence supports the trial court's decision. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). The record before us does not demonstrate bias by the trial court. Frazier has shown neither commission of a judicial impropriety nor probable prejudice. *See Markowitz*, 118 S.W.3d at 86. We overrule Frazier's first issue.

## ADVERSE POSSESSION

In his second issue, Frazier asserts that the evidence conclusively establishes that Mary and Harrison Frazier acquired title to the property by 1945. Therefore, their heirs, including Neal Frazier, now own the property. He further argues that, although Donovan purchased the interest the Barnetts had in the land in 2011, by that time, title had passed by adverse possession to the Frazier heirs or to Neal Frazier alone. Accordingly, he asserts, Donovan does not own any interest in the property and the trial court erred in finding in Donovan's favor.

### Standard of Review

Findings of fact in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Jamestown Partners, L.P. v. City of Fort Worth*, 83 S.W.3d 376, 383 (Tex. App.–Fort Worth 2002, pet. denied). A trial court's findings of fact are reviewable by the same standards that are applied in reviewing evidence supporting a jury's answer. *Id*. When a party attacks the legal sufficiency of an adverse finding on which he had the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of his proposed disposition. *Dow Chem. Co.*, 46 S.W.3d at 241.

### Applicable Law

Adverse possession means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and hostile to the claim of another person. TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). To prevail on a claim of adverse possession, a claimant must establish, by a preponderance of the evidence, (1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) involves continuous cultivation, use, or enjoyment throughout the statutory period. *Anderton v. Lane*, 439 S.W.3d 514, 517 (Tex. App.—El Paso 2014, pet. denied). The statute provides for

ten and twenty-five year limitations periods. TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.026(a), 16.027. To satisfy a limitations period, peaceful and adverse possession does not need to continue in the same person, but there must be privity of estate between each holder and his successor. *Id*. § 16.023. There must be an intention to claim the property as one's own to the exclusion of all others. *Tran v. Macha*, 213 S.W.3d 913, 915 (Tex. 2006) (per curiam). Mere occupancy of land without any intention to appropriate it will not support the statute of limitations. *Ellis v. Jansing*, 620 S.W.2d 569, 571 (Tex. 1981). No matter how exclusive and hostile to the true owner the possession may be in appearance, it cannot be adverse unless accompanied by intent on the part of the occupant to make it so. *Id.* at 571-72.

## Analysis

Frazier argues that the Frazier family acquired title to the property after exclusive use and occupancy of the land under a claim of ownership for the requisite length of time. He asserts that all members of the Frazier family regarded the home and the land around it as Frazier family property.

Among the elements Frazier must show is that his claim is hostile to that of the Barnett family. He must show the acts Neal performed on the land, and the use made of the land, were of such a nature and character as to reasonably notify the Barnett family that a hostile claim was being asserted to the property. *See Masonic Bldg. Ass'n of Houston, Inc. v. McWhorter*, 177 S.W.3d 465, 474 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Although the appellate record does not include the reporter's record, it does include the trial court's findings of fact and conclusions of law. The trial court found that the Fraziers built the house on Barnett property by mistake and lived there with the consent of the Barnett family. The court found that several members of the Frazier family lived in the house at times but no one in the Frazier family ever claimed to own the house before Neal filed this lawsuit. After 2001, Frazier family members leased the house to hunters for two hunting seasons. The trial court also found that Neal never exercised exclusive dominion and control over the land on which the home was built; he lived in the house sporadically from 1997 until May 2012, when he moved out; Neal's possession of the property was never exclusive for ten years or for twenty-five years; the Barnett family had no notice that Neal claimed the property as his; and there is no evidence that any Frazier family members made any claim to own the property at any time.

4

Accordingly, the trial court found that Neal did not prove that his possession was continuous for either limitations period, that it was exclusive, or that it was hostile. Further, even if Mary and Harrison Frazier lived in the house continuously for the statutory limitations period, the court found that there was no evidence that they claimed the property as their own to the exclusion of the Barnetts. *See Tran*, 213 S.W.3d at 915. In the absence of a reporter's record, the trial court's findings of fact are conclusive. *Campos v. Campos*, 388 S.W.3d 755, 758 (Tex. App.−El Paso 2012, no pet.). Frazier has not shown that the evidence establishes as a matter of law all vital facts in support of his assertion of title by adverse possession. *See Dow Chem. Co.*, 46 S.W.3d at 241. We overrule Frazier's second issue.

### DISPOSITION

Because Frazier has not shown any trial court error, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 5, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 5, 2019**

**NO. 12-18-00015-CV**

**KEVIN FRAZIER, ON BEHALF OF NEAL FRAZIER, DECEASED,**
Appellant
V.
**RICHARD DONOVAN,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CV-01477-12-06)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **KEVIN FRAZIER, on behalf of NEAL FRAZIER, deceased**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*