In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00019-CV
_____

**MARIA CONCEPCION DELGADO, Appellant**

**V.**

**LUIS GOVEA LOPEZ, Appellee**

On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. CIV33210

**MEMORANDUM OPINION**

In this pro se appeal from a Final Decree of Divorce, Maria Concepcion Delgado claims she is a "sovereign citizen" and challenges the trial court's jurisdiction. For the following reasons, we affirm the trial court's judgment.

**Relevant Background**

In October 2019, Luis Govea Lopez filed his Original Petition for divorce in Polk County, Texas. Lopez alleged, among other things, that Delgado had been domiciled in Texas for the previous six-month period and a resident of Polk County

1

for the preceding ninety-day period. Citation issued, and after several unsuccessful attempts to serve Delgado, Lopez filed a Motion for Alternative Service supported by a process server's affidavit outlining her attempts to serve Delgado. The trial court granted the Motion for Alternative Service, and the Return of Service shows Delgado was successfully served in November 2019. Delgado subsequently filed several documents with the trial court where she indicated she did "not consent to these proceedings." She also filed a "Demurrer Affidavit," and "Affidavit of Demand," and "Notice Statement."[1]

The Final Decree of Divorce noted that on November 25, 2020, the trial court conducted a hearing and despite receiving notice, Delgado failed to appear. The trial court orally rendered and granted the divorce the same day but did not sign the Final Decree of Divorce until January 2021. The Final Decree includes the trial court's findings that at the time of filing of the suit, Delgado had been domiciled in Texas for the preceding six months and a Polk County resident for the preceding ninety days. The trial court further found that it had jurisdiction of the case and parties and the matter had been on file at least sixty days since the suit was filed. On appeal, Delgado filed a letter brief with documents attached as an appendix, which were not a part of the clerk's record, and she has not provided us with a reporter's record.

---

[1]Delgado provided the same address for herself as the location of service in at least one of these documents.

## Standard of Review

Delgado appeared pro se in the trial court and on appeal. We liberally construe a pro se appellant's brief. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, pro se litigants must comply with the rules of evidence and procedure, and we do not afford them special treatment because they are acting pro se. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

An appellate brief must state all issues presented for review clearly and concisely and include appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). "When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review." *Atkins-January v. State Office of Risk Mgmt.*, No. 09–16–00439–CV, 2017 WL 3297977, at *2 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.)). We have no duty or right to independently review the record and applicable law to determine if there was error; if we did, we would no longer be neutral adjudicators but instead become an advocate for that party. *See Valadez*, 238 S.W.3d at 845. Therefore, an appellant may forfeit error through her failure to brief adequately. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (stating "error

3

may be waived by inadequate briefing [ ]"); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) (noting "[b]are assertions of error, without argument or authority, waive error."); *In re Lester*, 254 S.W.3d 663, 668 n.3 (Tex. App.—Beaumont 2008, orig. proceeding).

**Analysis**

Delgado challenges the trial court's jurisdiction over her based on a sovereign citizen status, and her answer in the trial court contained handwritten notes that she did "not consent to these proceedings." We examine the question of jurisdiction de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The Texas Government Code has given the County Court at Law of Polk county concurrent civil jurisdiction with the district court in family law cases and proceedings. *See* Tex. Gov't Code Ann. § 25.1892(a)(2). The phrase "family law cases and proceedings" in Chapter 25 of the Government Code incorporates suits for divorce "'including the adjustment of property rights'" and "'every other matter incident to divorce ... proceedings.'" *Id.* § 25.0002(2); *see In re Marriage of Skarda*, 345 S.W.3d 665, 669 (Tex. App.—Amarillo 2011, no pet.). Delgado does not assert that this is not a divorce proceeding or that another court has dominant jurisdiction. The County Court at Law of Polk County had jurisdiction of this divorce proceeding. *See* Tex. Gov't Code Ann. §§ 25.1892(a)(2), 25.0002(2).

4

Delgado's brief also includes arguments claiming she is the "sole beneficiary doing business as the name MARIA CONCEPCION DELGADO" which is "a non corporate entity not registered with any Secretary of State." Delgado further contends the Polk County Court at Law is a foreign state and is misusing her name. She argues that the trial court is "misusing the name of this American Citizen."

Even assuming Delgado preserved a "sovereign citizen" argument, Delgado's alleged sovereign-citizen status does not exempt her from the jurisdiction of the Texas courts, as this court has previously rejected that notion in a criminal case. *See Borne v. State*, 593 S.W.3d 404, 409 (Tex. App.—Beaumont 2020, no pet.) (noting same in context of criminal case). Our sister state courts have likewise rejected "sovereign citizen" arguments. *See Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 n.10 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.); *Barcroft v. Cty. of Fannin*, 118 S.W.3d 922, 925–26 (Tex. App.—Texarkana 2003, pet. denied). We agree and reject Delgado's "sovereign citizen" arguments as somehow precluding the trial court's jurisdiction.

Texas law allows a suit for divorce if the petitioner or the respondent has been "(1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90–day period." Tex. Fam. Code Ann. § 6.301. Section 6.301's requirements are not jurisdictional, but rather are mandatory and involve the right to maintain suit. *See Reynolds v. Reynolds*, 86

S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *Oak v. Oak*, 814 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1991, writ denied). The domicile and residence requirements are fact issues the trial court determines, which will not be disturbed unless there is a clear abuse of discretion. *Griffith v. Griffith*, 341 S.W.3d 43, 53 (Tex. App.—San Antonio 2011, no pet.). A trial court may grant a divorce if it has been on file for at least sixty days. Tex. Fam. Code Ann. § 6.702(a).

In his Original Petition, Lopez pleaded that Delgado was domiciled in Texas for the preceding six months and a resident of Polk County for the preceding ninety days. The trial court's Divorce Decree incorporated findings that Delgado was a domiciliary of Texas for the requisite six months, a resident of Polk County for ninety days, and that the matter had been on file for at least sixty days. The trial court's findings of fact are conclusive in the absence of a reporter's record. *See Campos v. Campos*, 388 S.W.3d 755, 758 (Tex. App.—El Paso 2012, no pet.); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied). Given the trial court's findings and absence of a reporter's record, we conclude that Lopez satisfied section 6.301's mandatory requirements, which allowed him to maintain his divorce suit against Delgado. *See Campos*, 388 S.W.3d at 758; *In re J.C.*, 250 S.W.3d at 489; *see also* Tex. Fam. Code Ann. § 6.301.

We overrule Delgado's first issue challenging the trial court's jurisdiction and Lopez's right to maintain a divorce proceeding against her. To the extent she

6

attempts to raise other arguments in her brief, there are no citations to the record or appropriate authority, and we are unable to ascertain other coherent issues.[2] *See* Tex. R. App. P. 38.1(f), (i). Accordingly, she has waived any other issues. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding appellant's failure to offer argument, citations to record, or citations to authority in its brief waived issue on appeal); *see also Fredonia State Bank*, 881 S.W.2d at 284–85.

## Conclusion

Having overruled Delgado's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 16, 2022
Opinion Delivered October 6, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[2]The authorities Delgado cited had little or no applicability to the matter before us.