**Opinion filed November 6, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00060-CV

_____

## JONATHAN HOBSON, JR., Appellant

## V.

## COMMISSIONERS COURT OF PALO PINTO COUNTY, TEXAS; COUNTY JUDGE SHANE LONG; COMMISSIONER GARY GLOVER; COMMISSIONER MIKE REED; COMMISSIONER MIKE PIERCE; COMMISSIONER JEFF FRYER; ALFRED EZELL; AND KIM EZELL, Appellees

### On Appeal from the 29th District Court
### Palo Pinto County, Texas
### Trial Court Cause No. C50323

## MEMORANDUM OPINION ON MOTION FOR REHEARING

On September 18, 2025, we issued an opinion in this cause and concluded that: (1) the trial court did not err when it granted the Ezells' motion for summary judgment against Hobson based on limitations and denied Hobson's motion for summary judgment on the same basis; (2) the trial court lacked jurisdiction over

Hobson's claims against the Commissioners; and (3) the trial court's award of attorney's fees to the Ezells was supported by sufficient evidence, and that further segregation of attorney's fees was not required. Therefore, we affirmed the trial court's judgment.

Hobson has filed a motion for rehearing arguing that we must reconsider our decision and in turn reverse the trial court's grant of summary judgment in favor of the Ezells because: (1) our opinion deviates from Texas Supreme Court precedent, which he contends holds that, under Section 16.061 of the Civil Practice and Remedies Code, a private citizen, like Hobson, may assert the right to use a public road; (2) we erred by affirming the trial court's judgment that disposed of his claims against the Commissioners; and (3) we erred by affirming the trial court's denial of his motion for summary judgment based on the affirmative defenses asserted by the Ezells. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.061 (West 2015).

At the outset, we note that for decades Texas courts have held that the sole purpose of a motion for rehearing is to allow the reviewing court to correct any errors that it deems exist on *issues* that were previously presented to it. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991); *Dewey v. American Nat'l Bank*, 382 S.W.2d 524, 528 (Tex. App.—Amarillo 1964, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 821 (1965). Further, a motion for rehearing does not afford a party to an appeal the opportunity to present new issues or alternative arguments after the case on appeal has been briefed, argued, and decided on other grounds, and the issues and other arguments initially raised by that party have been rejected by the reviewing court. *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 747 (Tex. App.—Dallas 2007, pet. denied) ("[R]ehearing is not an opportunity to test alternative arguments after finding other arguments unsuccessful." (quoting *ICM Mortgage Corp. v. Jacob*, 902 S.W.2d 527, 535 (Tex. App.—El Paso 1994, writ

denied))). Thus, unless fundamental error exists, and it does not in this case, new and unpresented *issues* may not be raised for the first time in a motion for rehearing. *See Mapco*, 817 S.W.2d at 687; *Segundo Navarro Drilling Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 496 (Tex. App.—San Antonio 2020, pet. denied); *In re M.T.*, 290 S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.); *OAIC Commercial Assets*, 234 S.W.3d at 747 (fundamental error only exists in rare circumstances). However, new *arguments* that are subsumed within issues that have been argued and are already properly before the reviewing court can be considered. *See Chen v. Razberi Technologies, Inc.*, 645 S.W.3d 773, 778 n.23 (Tex. 2022); *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014).

With this in mind, and construing Hobson's motion liberally, we will address the "new," alternative arguments that he now asserts. However, it is clear that the "new" arguments that Hobson now advances are merely a recharacterization of the very arguments—albeit in a different form and based on case law, statutes, and causes of action that were neither pleaded nor asserted by him, until now, and/or that are inapplicable to the issues before us—he has asserted, litigated, and advocated since the inception of the parties' dispute, arguments that have been repeatedly rejected by the trial and appellate courts that have entertained them. Despite this, Hobson continues to contend that the conclusions espoused by these courts, including this court, are erroneous.

In his motion for rehearing, Hobson cites to and relies on *Ellis v. Jansing* to support his arguments that (1) the Ezells failed to meet their burden on their affirmative defense of limitations, and (2) Section 16.061 applies and prohibits *any* statute of limitations, including the residual limitations provision in Section 16.051 that the Ezells asserted and relied on, from barring his suit against them. 620 S.W.2d 569, 570–71 (Tex. 1981) (holding that Article 5517 prohibited a party's claim of

3

*adverse possession* to an alleyway); *see* CIV. PRAC. & REM. §§ 16.051, .061. According to Hobson, our opinion conflicts with *Ellis*. Hobson is mistaken. First, we note that Hobson did not cite to or rely on *Ellis* in his original briefing. Further, his reliance on *Ellis* is misplaced because the supreme court's holding there focused on two distinct legal theories—express dedication and adverse possession—neither of which were pleaded, asserted, or raised by either party to this appeal at any stage of these proceedings, nor are they applicable to the matter before us. The distinguishable circumstances in *Ellis* are that (1) an *easement* was *expressly* dedicated for public use by statute, (2) the cause of action raised concerned a claim for title by *adverse possession*, and (3) the provision of Article 5571 that the supreme court addressed and relied on in its holding was subsequently codified into two separate sections of the Civil Practice and Remedies Code: Section 16.061 and Section 16.030(b).[1] *Ellis*, 620 S.W.2d at 570; *see also* CIV. PRAC. & REM. § 16.030(b) (West 2025). Thus, *Ellis* is not controlling here.

Similarly, Hobson argues that our conclusions are contrary to our decision in *Cowan v. Worrell*, 638 S.W.3d 244 (Tex. App.—Eastland 2022, no pet.). However, *Cowan* does not support Hobson's contention that the residual limitations statute (Section 16.051) cannot bar his claims against the Ezells because, unlike the landowners in *Cowan*, no party to this appeal has pleaded or asserted any claim for *adverse possession*. *See Cowan*, 638 S.W.3d at 263–64 ("Nor may a person acquire

---

[1]*See Bowen v. Ingram*, 896 S.W.2d 331, 335 (Tex. App.—Amarillo 1995, no writ) (noting that the provision of Article 5517 relied on by the supreme court in *Ellis* was codified into Section 16.030(b) of the Civil Practice and Remedies Code); *Boyle v. Burk*, 749 S.W.2d 264, 266 (Tex. App.—Fort Worth 1988, writ denied) (noting that Section 16.030 codified Article 5517 and that "[a]lthough the wording in [S]ection 16.030 is shorter than [A]rticle 5517, [S]ection 1.001(a) of the Civil Practice and Remedies Code specifically provides that the codification was not a substantive change in the law"); *see also Johnson v. City of Ft. Worth*, 774 S.W.2d 653, 655 (Tex. 1989) (stating that Section 16.061 was also intended as a non-substantive revision of Article 5517).

through *adverse possession* any right or title to real property dedicated to public use.") (emphasis added) (citing CIV. PRAC. & REM. § 16.030(b)). As such, because Hobson cannot avoid the consequences of Section 16.051, he now shifts his reliance to *Ellis* and *Cowan*, cases which allude to Section 16.030(b) and its predecessor (Article 5517). Nevertheless, this change in strategy cannot save him because he banks on a limitations statute—Section 16.030(b)—and case law that are unique only to *adverse possession* disputes, a theory, as we have said, that neither party has pleaded, asserted, or relied on in this case, until now.

Hobson further argues that we incorrectly stated each party's burden of proof as to the applicability of the affirmative defense of limitations. As the Texas Supreme Court explained in *Gill v. Hill*:

> [T]here are two types of defenses against limitations with differing burdens of proof. Affirmative defenses like unsound-mind tolling that argue that certain days within the limitations period should not be counted place the burden of proof on the movant. But affirmative defenses that concede the limitations period expired yet argue limitations should not bar the suit place the burden of proof on the nonmovant. Ultimately, the distinction *Draughon* draws is between defenses that avoid the statute of limitations entirely and those that toll certain days.

688 S.W.3d 863, 870 (Tex. 2024), *cert. denied*, 145 S. Ct. 274 (2024) (internal citations omitted). Therefore, once the Ezells established the accrual date of Hobson's cause of action and that no genuine issue of material fact existed regarding that date, Hobson—as the nonmovant—had the burden to show that the residual statute of limitations (Section 16.051) did not bar his suit even if the limitations period had in fact expired. *See id.* at 868. As we have said before, this he failed to do. Instead, Hobson broadly argued in his pleadings and briefing that "limitations do not bar claims for interference with public roads," and in support he cited to case

law that discussed the application of limitations under Article 5517,[2] and to circumstances whereby a party sought an abatement based on a *public nuisance*— once again a theory that neither party has pleaded, asserted, or relied on.

Hobson has consistently maintained that no statute of limitations bars the complaints that he has asserted against the Ezells, and because no limitations bar applies, he is not prohibited from seeking, at any time, the relief that he has pursued in the Texas courts since 2017. To subscribe to this view, and we do not, would allow Hobson or a similarly-situated litigant to advance and litigate complaints of this nature without fear of any time bar, and in turn negate, and require that we ignore, the established purpose and intent of any applicable statute of limitations defense. We decline to do so. As before, Hobson's now recharacterized arguments fail. *See OAIC Commercial Assets*, 234 S.W.3d at 747 (citing *Jacob*, 902 S.W.2d at 535) (It is inappropriate to recast previously argued and rejected arguments in a motion for rehearing.).

There is no error in our decision, as Hobson suggests. Accordingly, we deny Hobson's motion for rehearing.

W. STACY TROTTER

JUSTICE

November 6, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Until now, Hobson repeatedly referenced and cited to Section 16.061 and argued that Article 5517 (which he referred to as Section 16.061 in his briefing, pleadings, and motion for rehearing) foreclosed the application of limitations to his suit against the Ezells.